## Case No. 10,318.

### NORTH CAROLINA v. TRUSTEES OF UNIVERSITY et al.

[1 Hughes, 133; 1 5 N. B. R. 466; 65 N. C. 714.]

Circuit Court, D. North Carolina. 1871.

JURISDICTION OF CIRCUIT COURT — SUIT BETWEEN STATE AND ITS OWN CITIZENS.

The circuit courts of the United States have not jurisdiction of a case, either at law or in equity, in which a state is plaintiff against its own citizens. The constitution of the United States does not confer such jurisdiction, nor is it conferred by any act of congress. Such jurisdiction is not conferred upon the circuit court in this case by the bankruptcy act of 1867 [14 Stat. 517], because there are other necessary parties than the assignee in bankruptcy, and without such parties the plaintiff could not sustain this suit in any court.

[Cited in Payson v. Dietz, Case No. 10,861; Texas v. Lewis, 12 Fed. 3, 14 Fed. 66.]
[Cited in Gilbert v. Priest, 8 N. B. R. 166; Cogdell v. Exum, 69 N. C. 464.]

[This was a bill in equity by the state of North Carolina against the trustees of University and C. W. Dewey, assignee, and others.]

BROOKS, District Judge. The attention of the court has not been invited to the question of jurisdiction in this case by either the complainant or respondent in their arguments, yet that is a question to be considered in the opinion of the court, and the first properly demanding attention. All the authority vested in the courts of the United States to hear and determine causes arises under the provisions of the constitution of the United States or acts of congress. By the provisions of the constitution the supreme court of the United States is established, and its jurisdiction prescribed directly, and it is further provided that congress shall have power to create or establish inferior courts. Then we think that it necessarily follows that congress has the power to prescribe the jurisdiction of such courts. We are sustained in this view by the opinion in the case of Osborne v. U. S. Bank, 9 Wheat. [22 U. S.] 738, and Sheldon v. Gill, 8 How. [49 U. S.] 448. The second section of the third article of the constitution relates to the subjects or classes of cases declared to be within the jurisdiction or power of the United States courts, and is as follows: "The judicial power shall extend to all cases in law and equity arising under this constitution; the laws of the United States, and treaties made, or which shall be made under their authority; to all cases affecting ambassadors, other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states; between citizens of

1 [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

the same state claiming lands under grants of different states;" and lastly, "between a state, or the citizens thereof, and foreign states, citizens, or subjects." If the framers of our constitution had proceeded no further, it might be contended with more reason that this suit as instituted comes within the jurisdiction intended to be conferred upon the circuit courts, but, as if to leave no doubt upon the subject, they proceed, in the second clause of the second section of the third article, to enumerate the class of cases over which the supreme court shall have original jurisdiction, and with these we find all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party; and it is further provided that, as to all other subjects included within the jurisdiction prescribed, the supreme court shall have appellate jurisdiction. It may be said that, though original jurisdiction is by this provision of the constitution conferred upon the supreme court, it is not exclusive, but only concurrent with some other tribunal. We think that a fair construction of the language of the constitution excludes such a conclusion, and we are happily sustained in this opinion by the opinion of the court in the case of Gale v. Babcock [Case No. 5,188]. It will be seen that in this case it is decided that the circuit courts have no jurisdiction of a cause in which a state is a party. If more authority should be desired upon this point, we refer to the case of Osborne v. U. S. Bank, 9 Wheat. [22 U. S.] 820, in which it is declared that, in such cases in which original jurisdiction is conferred upon the supreme court, founded on the character of the parties, the judicial power of the United States cannot be exercised in its appellate form. In the case before us the state of North Carolina is complainant, and the only complainant, and it is the character of that party that brings the case within the original jurisdiction prescribed for the supreme court, and consequently, according to the opinion of the court in the case last cited, is excluded from the appellate jurisdiction of that court.

[We hold that it was not intended by any provision of the constitution or the laws to confer jurisdiction on this court in any case involving many thousands of dollars (as in this case) without the right of appeal in the event either party should be dissatisfied with the decision of this court].[2]

Again, in the cases of Martin v. Hunter's Lessees, 1 Wheat. [14 U. S.] 237; Cohen v. Virginia, 6 Wheat. [19 U. S.] 392,—it is decided that, in such cases as draw in question the laws, constitution, or treaties of the United States, though a state may be a party, the jurisdiction of the supreme court is appellate, for in such a case the jurisdiction is founded, not upon the character of the parties, but upon the nature of the controversy. Such cases may be taken by appeal or writ

of error from the highest judicial tribunal of a state to the supreme court of the United States.

The great American constitutional judge, in delivering the opinion of the supreme court of the United States in Cohen v. Virginia before referred to, uses this language: "It has also been argued, as an additional objection to the jurisdiction of the court, that cases between a state and one of its own citizens do not come within the general scope of the constitution, and were obviously never intended to be made cognizable in the federal courts. The state tribunals might be suspected of partiality in cases between itself or its citizens and aliens, or the citizens of another state, but not in proceedings by a state against its own citizens. That jealousy which might exist in the first case could not exist in the last, and therefore the judicial power is not extended to the last. This is very true (says this learned judge), so far as the jurisdiction depends upon the character of the parties. If the jurisdiction depended entirely upon the character of the parties, and was not given where the parties had not an original right to come into court, that part of the second section of the third article which extends the judicial power to all cases arising under the constitution and the laws of the United States would be mere surplusage. It may be true that the partiality of the state tribunals in ordinary controversies between a state and its citizens was not apprehended, and therefore the judicial power of the Union was not extended to such cases." The ground, as is seen, upon which the jurisdiction of this court is claimed in this case, depends upon the character of the parties, and not the character of the subject in controversy. All we have said, it will be observed, relates more particularly to the provisions of the constitution, and in regard to the prescribing and the distribution of the judicial power of the United States.

The act of 1789, section 24 [1 Stat. 85], is the first whereby congress undertook to prescribe the jurisdiction of the circuit courts, and we find by the seventeenth section of that act that such courts are vested with original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds a certain sum stated, and the United States are plaintiff or petitioner, or an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state. It is quite clear, we think, that the provisions of this act do not embrace a case in which a state is a party. This question, however, was raised soon after the passage of the act in the case of Gale v. Babcock, before referred to; and in this case it was decided that the circuit court had no jurisdiction between a state and its citizens, or citizens of other states. It was at one time supposed that the constitution

---

[2] [From 5 N. B. R. 466.]

gave a broader power to the court. But it has been long since settled that the civil jurisdiction of the circuit courts is governed by the acts of congress. Turner v. Bank of North Carolina, 4 Dall. [4 U. S.] 10; McIntyre v. Wood, 7 Cranch [11 U. S.] 506; Kendal v. U. S., 12 Pet. [37 U. S.] 616; Carey v. Curtis, 3 How. [44 U. S.] 245. But the power to entertain this suit is claimed by counsel, for this court, under the provisions of the bankrupt act of 1867. After a careful examination of the provisions of that act, we are of opinion that it was not designed to confer, and does not, in fact, confer, such power. If we could believe that the original jurisdiction conferred by that act upon the circuit courts was as full as or equal, in all respects, to that conferred upon the district courts, we could not regard it as intending to produce so inevitable a conflict with the provisions of the constitution before referred to, limiting and restricting, according to our construction, the original jurisdiction in cases in which states are parties, to the supreme court. We hold that no such jurisdiction as that contended for in this case was intended to be conferred upon this court; and further, if it was clearly otherwise, that any attempt to do so on the part of congress would be ineffectual; for, as has been before seen, the constitution having itself provided that the jurisdiction in such cases should be original in the supreme court, it must be regarded as exclusive of the other courts of the United States, as much so as if the term "exclusive original jurisdiction" had been employed. And this appears to us to be the view entertained by the court in the case of Osborne v. U. S. Bank, before cited.

It has been suggested that there has been greater necessity for the exercise of jurisdiction by this court in this case, because, as is insisted by the bankrupt law, the jurisdiction conferred upon the district and circuit courts of the United States is exclusive, and that no suit by or against an assignee can be maintained in the state courts. We agree that the only jurisdiction actually conferred by that act is with these courts; but it does not follow that an assignee may not sue or be sued in the state courts, and we think that an assignee may sue or be sued in the state courts. If we entertained the opinion that all controversies respecting a bankrupt's estate could only be heard and determined in the district or circuit courts of the United States, we confess that we would express the view we entertain with much more hesitation than we now feel. Let the bill be dismissed.