DANIEL COGDELL, Assignee, v. WILLIAM J. EXUM.

An assignee in bankruptcy may sue or be sued in the Courts of the State, on claims for or against the estate of the bankrupt, our Courts having concurrent jurisdiction with the U. S. Courts in the premises.

As a general rule, every Court has ample power to permit amendments in the process and pleadings of any suit pending before it; but the Courts have no such power, when an amendment proposed to be made, will evade or defeat the provisions of a statute.

A, a bankrupt, brings a suit in his own name against B, on the 19th day of September, 1870; on the 11th of March, 1872, A's assignee in bankruptcy, C, who was appointed the 25th of February, 1869, is made party plaintiff in the suit commenced by A: *Held*, That the right of action against B accrued to C, the assignee, at the time of his appointment, and that he was barred by the limitation contained in section — of the bankrupt act.

(*Whiteridge* v. *Taylor*, 66 N. C. Rep. 273; *Phillipse* v. *Higdon*, Busb. 380; *Christmas* v. *Mitchell*, 3 Ired. Eq. 535, cited and approved.)

CIVIL ACTION, tried before *Tourgee, J.*, at the December (Special) Term, 1872, of the Superior Court of WAYNE county.

The summons in this case was issued by Z. L. Thompson, the then plaintiff, in September, 1870, who in his complaint alleged that the defendant held and had held a tract of land in trust for him ever since May, 1868, and demanded an account for rents, &c., and also a conveyance of the land.

Defendant, 4th February, 1871, filed his answer denying the material allegations in the complaint, and charging that the plaintiff, Thompson, had been adjudicated a bankrupt.

On the 6th of December, 1872, a replication was filed admitting the bankruptcy, but denying the statements contained in the answer.

At the trial term, December, 1872, the defendant was permitted to file an amended answer, of which the following is a copy: " And the defendant, by way of amendment to his answer, alleges that the supposed cause of action of the plaintiff, Daniel Cogdell " who had at Spring Term, 1872, been made a party plaintiff) " assignee in bankruptcy of the said Zadoc L. Thompson, did not accrue to him, the

said Daniel Cogdell, within two years next before the time, at which he, the said Cogdell, was made the party plaintiff to this action, nor within two years before the bringing of the same. Wherefore defendant demanded judgment for costs," &c.

Thompson, the original plaintiff, was adjudged a bankrupt, December 19th, 1868, but has not yet been discharged. The Register's deed to the assignee, Cogdell, is dated 25th February, 1869, and registered in the Register's office of Wayne county, 20th January, 1873.

His Honor, being of opinion that the Court had no jurisdistion of this action, and the same was barred by the statute of limitations, directed the jury so to find.

Verdict for defendant. Judgment against plaintiff and his surety for costs; from which judgment, plaintiff appealed.

*Faircloth,* for appelant.
*Smith & Strong,* contra.

SETTLE, J. This action was originally instituted on the 19th of September, 1870, by one Thompson, who had been adjudged a bankrupt on the 29th of December, 1868, but has not yet received his discharge. He alleges that the defendant has held a tract of land in trust for him, ever since May, 1868, and demands an account, and payment of rents, and a conveyance of the land, etc.

The present plaintiff was appointed assignee of Thompson on the 25th of February, 1869, but was not made a party to this action until Spring Term, 1872, of Wayne Superior Court, being March the 11th, of that year.

His Honor being of opinion that the Court had no jurisdiction of this action, and that the same was barred by the statute of limitations, directed a verdict to be entered in

favor of the defendant, and gave judgment against the plaintiff for costs.

This Court has held that our State Courts have jurisdiction in such cases. *Whiteridge* v. *Taylor*, 66 N. C. Rep. 273. And in the opinion of the Circuit Court of the United States, for the District of North Carolina, reported in appendix to 65 N. C. Rep. 714, *State of North Carolina* v. *Trustees of the University, et al.*, it is said: "We agree that the only jurisdiction actually conferred by that Act is with District and Circuit Courts of the United States; but it does not follow that an assignee may not sue or be sued in the State Courts, and we think that an assignee may sue or be sued in the State Courts."

But the second section of the bankrupt Act declares "that no suit at law or in equity shall, in any case, be maintainable by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any Court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued, for or against such assignee."

As has been seen, the present plaintiff had no connection with this suit until more than two years had elapsed after his appointment as assignee, when his right of action accrued. Did the amendment by which he was made a plaintiff, have the effect to relate back and make him the plaintiff *ab initio*, and thereby defeat the statute of limitations in the bankrupt act; or is that limitation a bar to his recovery?

While as a general rule, every Court has ample power to permit amendments in the process and pleadings of any suit pending before it, both reason and authority deny the power where the amendment will evade or defeat the operation of a statute. "No Court has the right to nullify a statute." *Phillipse* v. *Higdon*, Busbee 380.

In *Christmas* v. *Mitchell*, 3 Ired. Eq. 535, an amendment

was allowed which introduced new matter, or rather a new charge against the defendant, to-wit: It sought to charge him with the value of certain negroes, which had not been claimed in the original bill, and the Court says, "so far as this bill seeks relief against Mitchell on account of these slaves, it is an original charge brought against him for the first time, and he is entitled, as to the statute of limitations, to consider it an original bill."

In *Miller* v. *McIntyre*, 6 Peters 61, Mr. Justice McLEAN delivering the opinion of the Court, says: "Various reasons are assigned against the operation of the statute in this case. It is insisted that the amended bill, filed in 1815, by which the defendants were made parties to the bill has relation to the commencement of the suit in 1808, 'and consequently, that the statute cannot bar, as its limitation had not then run. Until the defendants were made parties to the bill, the suit cannot be considered as having been commenced against them." We concur with his Honor, who tried the case in the Superior Court, that the plaintiff is barred by the limitation in the bankrupt act.

PER CURIAM.                  Judgment affirmed.