WILLIAM J. EXUM *v.* DANIEL COGDELL and others.

One who has title to land is not estopped from asserting the same against a purchaser from a third party for a valuable consideration, but with notice of the defect in the title of the vendor. although the vendor claim title under the real owner.

(*Cogdell, Assignee,* v. *Exum,* 69 N. C. Rep. 464, cited and commented upon; *Holmes* v. *Crowell,* 73 N. C. Rep. 613, cited and approved.)

CIVIL ACTION, in the nature of ejectment, tried before *Seymour, J.,* and a jury, at Fall Term, 1875, of WAYNE Superior Court.

The action was commenced May 19th, 1872, by the plaintiff against Z. L. Thompson, to recover possession of thirteen acres of land. At Fall Term, 1872, Daniel Cogdell, assignee in bankruptcy of Z. L. Thompson, was made a party defendant.. (The Register's deed in bankruptcy bears date February 25th, 1869, and was registered in Wayne county January 20th, 1873.)

The *locus in quo* was, at the commencement of the action and still is, in the possession of the defendant Thompson.. The plaintiff produced in evidence a judgment and execution. against the defendant Thompson, returnable to May Term, 1868, of Wayne County Superior Court, under which the sheriff sold the " George Thompson old place," May 20th,. 1868, to one R. T. Fulghum, and a sheriff's deed, duly registered, to the said R. T. Fulghum, which included the *locus in quo,* and also a deed, including the same, dated October 17th,. 1868, from Fulghum to the plaintiff.

It was in evidence for the defendant, and admitted by the plaintiff, that the sheriff did not levy upon and sell the *locus in quo.* and that the deed as originally made to Fulghum did not cover it, but that subsequent to the registration of the same, at the request of both Fulghum and the defendant Thompson, a description of the *locus in quo* was interlined by

the sheriff in the deed and by the register of deeds in his record of the conveyance.

The defendant Thompson was insolvent at the time of the sheriff's sale.

The plaintiff bought of Fulghum after the interlineation, for a valuable consideration, at the instance and request of the defendant Thompson, and has subsequently with the assent of Thompson, by contract dated January 12th, 1870, contracted to convey fifty acres of the land conveyed by the sheriff's deed, including the *locus in quo*, to one Dr. Exum. It was a part of this contract that Dr. Exum should convey the fifty acres to the defendant Thompson upon being repaid the purchase money.

The above stated facts being conceded, there was a conflict in the evidence as to whether the plaintiff purchased of Fulghum with notice of the interlineation, and upon that question the following issues were submitted to the jury :

1. Did the plaintiff, W. J. Exum, at the time of purchasing the thirteen acres now in controversy, have notice of the interlineation in the sheriff's deed ?

2. Did he have notice that the sheriff did not offer and sell said land at his sale ?

To both of these issues the jury responded in the affirmative.

The plaintiff introduced in evidence the record of a former action, in which the plaintiff in this action was defendant, and the defendant was plaintiff, and insisted that, that action was conclusive against the defendant in this action, by way of estoppel. This action is reported in 69 N. C. Rep., 464, under the title of *Cogdell, Assignee,* v. *Exum.* The defendant in that action contended that the complaint did not cover the *locus in quo* and the plaintiff contended that it did. Both parties agreeing upon what was the land covered by the description in the complaint, and the difference being one of construction merely, the court passed upon it as a matter of

law, and decided that the *locus in quo* in this action was in controversy in the former action, but held that the defendant in this action was not estopped by the record, for the reason that, as appears by the opinion of the Supreme Court the case went off upon a defect which precluded an inquiry into the merits.

Upon these facts the plaintiff insisted that the defendant was estopped from denying his title.

The court held that the sheriff's deed did not convey the *locus in quo* to plaintiff's assignee:

1. Because the sheriff never sold it; and 2, Because the sheriff's power was exhausted when he gave the first deed; and that the defendant was not estopped because the plaintiff did not act upon the faith of any misrepresentation of the defendant, but upon his own judgment, with a full knowledge of all the facts.

The following question of evidence arose upon the trial : The defendant was examined as a witness for the defence, and testified that he told the plaintiff before his purchase from. Fulghum, of the interlineation. Upon the cross-examination the plaintiff's counsel asked the witness, if he had put his interest in the *locus in quo* in his schedule in bankruptcy. This question was objected to on the ground that the schedule must be produced. The plaintiff contended that it was admissible as a collateral impeaching question.

The court sustained the objection, ruling that, before the witness could be examined as to the contents of a writing signed. by himself, the writing must be shown to him, and because the question was not as to the existence, but as to the contents of the schedule.

Judgment was rendered in favor of the defendant, and thereupon the plaintiff appealed.

*Smith & Strong*, for the appellant.
*Faircloth & Grainger*, contra.

Settle, J.   The plaintiff contends that the defendants are estopped to deny his title.

1. By a judgment in a former action, in which the present plaintiff was defendant and the present defendants were plaintiffs ; reported in 69 N. C. Rep. 464.

2. That the defendants are estopped by matter *in pais* ; to-wit : the procuring of the Sheriff and the Register of Deeds, by the defendant Thompson and the purchaser, Fulghum, to so alter his deed as to embrace the land now in controversy, although the same had not been levied upon, nor sold by the Sheriff ; and the conduct of the defendant, Thompson, in inducing the plaintiff to buy of Fulghum and sell to Dr. Exum.

A judgment to constitute an estoppel must be final, and upon the merits.    It is not the recovery, but the *matter alleged* by the party, and *upon which the recovery proceeds* which creates the estoppel.   Bigelow on Estoppel.

By reference to 69 N. C. Rep. 464, it will be seen that, that action, in the language of his Honor in the Superior Court, " went off upon a defect which precluded an inquiry into the merits."

In *Holmes* v. *Crowell*, 73 N. C. Rep., 613, it is said, "in order to create an estoppel *in pais*, it must appear :

1. That the defendant knew of his title.

2. That plaintiff did not know and relied upon the defendants's representations.

3. That the plaintiff was deceived.

In this case it appears, either by admission or the findings of the jury, that the plaintiff knew all the material facts in regard to the title, and could not have been deceived by misrepresentations of the defendant.   In fact, he knew that he was purchasing under a deed which did not originally embrace the *locus in quo*, and which had been vitiated by alteration.

As to the question of evidence : If the purpose of the plaintiff, in asking the defendant, Thompson, upon his cross-examination, " if he had put his interest in the *locus in quo*

into his schedule in bankruptcy," was to impeach him on a collateral point, he had not laid the proper foundation for doing so, and it was immaterial; for how could his answer, one way or the other, affect the rights of the defendant, Cogdell, who, as assignee in bankruptcy, represented all creditors.

Indeed, if the defendant, Thompson, had been estopped by matter *in pais*, it would not necessarily have followed that Cogdell, who represents creditors, would have also been estopped.

The judgment of the Superior Court is affirmed.

PER CURIAM.                                    Judgment affirmed.