STEPHEN JOHNSON v. THEOPHILUS WOODY.

*Practice — Verdict of Jury on Issue of Forgery.*

Where a jury upon an issue of forgery find a verdict in favor of the defendant, the circumstances upon which the plaintiff relied in that issue cannot have the force to *estop* the defendant from claiming under the instrument.

(*Holmes* v. *Crowell,* 73 N C. 613; *Exum* v. *Cogdell,* 74 N. C. 139, cited, distinguished and approved.)

CIVIL ACTION, to recover an interest in Land, tried at Fall Term, 1876, of ALEXANDER Superior Court, before *Buxton, J.*

The case was removed from Wilkes County, and the facts necessary to an understanding of the opinion are sufficiently stated by Mr. Justice READE.

Upon the issues submitted and under the instructions of the Court below, the jury rendered a verdict for the defendant. Judgment. Appeal by the plaintiff.

*Messrs. M. L. McCorkle* and *Scott & Caldwell*, for plaintiff
*Messrs. R. F. Armfield* and *G. N. Folk*, for defendant.

READE, J.　It is admitted that the land in dispute was at
one time the property of William Woody ; and the plaintiff
insists that said William Woody was seized and possessed
of the land at the time of his death ; and that the same de-
cended to his children and heirs at law ; and that he the
plaintiff bought six ninths of the undivided shares of the heirs;
and that he now owns the same and he claims to be let into
possession with the defendant, who is one of the heirs at
law, as tenant in common.

The defendant who is one of the children and heirs at law
of the deceased William Woody, claims under an alleged
purchase from his father, and shows a deed for the whole
land.　To this the plaintiff replied that the said deed was
a forgery.

There was an issue submitted to the jury, ' whether that
deed was a forgery ?"　And the jury found that it was not.

Upon the trial of that issue the plaintiff proved and relied
upon a number of circumstances to show that the deed was
a forgery, such as, that the grantor remained in possession
all his life, that the defendant paid him rent for a portion
of it, that he took a deed from him for fifty acres of it, that
the defendant took out a grant from the State
for it, that he did not pay taxes for it, that he took
the insolvent debtor's oath, that he only claimed one
ninth of it after his father's death, that he purchased the
share of one of the other heirs ; which circumstances togeth-
er with others, it would seem, must have made a pretty
formidable array against the defendant upon the question of
forgery.　But still the jury found that the deed was not a
forgery.　And it would seem that this should have put an
end to the plaintiff's case.　And so His Honor below held.
But the plaintiff's learned and ingenious counsel now insist

that although these circumstances had not the force to induce the jury to find the deed a forgery, yet they should have the force to *estop* the defendant from claiming title under it. And for this he cites *Holmes* v. *Crowell*, 73 N. C. 613; *Exum* v. *Cogdell*, 74 N. C. 139, and Bigelow on Estoppel, 438. But before that doctrine can avail the plaintiff, it must appear at least that the defendant concealed his title when he knew that it was calculated to·deceive the plaintiff and induce him to buy ; and that he was thereby deceived and induced to buy. But here there was no ·issue involving the question, an 1 no evidence tending to prove it.

There is no error.

Per Curiam.                                Judgment affirmed.