IRVIN MELVIN and others **v.** J. J. BULLARD and wife.

*Evidence—Declarations—Advancement—Estoppel.*

1. The declarations of a deceased ancestor made after the execution of a deed and while his son, the grantee, was in possession of the land conveyed, are not admissible to prove the consideration of the deed. They are competent only when in explanation of the act of possession. or in disparagement of the declarant's title.

2. Whether a donation by a parent to a child is an advancement, depends upon the *intention* of the donor, as shown by the instrument of transfer or other proof.

3. In a partition proceeding between heirs at law, the plaintiff claimed a share as tenant in common, and defendants deny the same, alleging that he had been " advanced in land " equal in value to their respect-

ive interests; and it appeared that the ancestor during his life time had conveyed to plaintiff, his son, a tract of land by deed of bargain and sale (reciting a consideration of $400) and accepted from the son a note in payment of a full consideration therefor, the transaction being in pursuance of an arrangement between the parties to free the son from liability to account for the land in estimating his share of the estate ; *Held*, not to be an advancement.

4. *Held further*, that the subsequent surrender of the note by the parent to the son, with a view to carry out the original understanding, was not an advancement of the value of the note.

5. Verbal statements made by a tenant in common that he will claim no part of the land in controversy, do not operate an estoppel against a subsequent assertion of his right.

(*James* v. *James*, 76 N. C., 331; *Bradsher* v. *Cannady, Id.*, 445; *Bridgers* v. *Hutchings*, 11 Ired., 68, *Hanner* v. *Winburn*, 7 Ired. Eq., 142; *Holmes* v. *Crowell*, 73 N. C., 613; *Exum* v. *Cogdell*, 74 N. C., 139; *Mason* v. *Williams*, 66 N. C., 564, cited, commented on and approved.)

SPECIAL PROCEEDING for Partition of Land commenced in the probate court, and tried at Fall Term, 1879, of CUMBERLAND Superior Court, before *Seymour, J.*

The facts appear in the opinion. Verdict for plaintiffs, judgment, appeal by defendants.

*Mr. B. Fuller*, for plaintiffs :

Cited and commented on *James* v. *James*, 76 N. C., 331; *Bradsher* v. *Cannady, Id.*, 445; *Wilkinson* v. *Wilkinson*, 2 Dev., Eq., 376.

*Messrs. Guthrie & Carr*, for defendants :

Whether a gift is an advancement or not, depends upon the intention of the parent at the very time the gift is made. *Osgood* v. *Breed's Heirs*, 17 Mass., 357; *Riddle's Estate*, 19 Penn., 431. Every gift of a substantial character (education and maintenance excepted) is by Rule 3, chapter 36, of Battle's Revisal, an advancement, unless it appears at the time of making it, the parent intended it should *not* be such. The

controlling idea in Rule 3 is to secure equality. *Johnston* v. *Johnston*, 4 Ired. Eq., 9; *Headen* v. *Headen*, 7 Ired. Eq., 159. See also especially *Bridgers* v. *Hutchings*, 11 Ired., 68; *Hanner* v. *Winburn*, 7 Ired. Eq., 142. And as to the question of estoppel *in pais*, see Bigelow on Estoppel 480.

SMITH, C. J. The plaintiffs allege that they are tenants in common with the feme defendant, their sister, of the four several parcels of land descended from their intestate father, Robert Melvin, and described in their complaint, each being entitled to one-fourth part thereof, and they demand partition and an assignment of their respective shares in severalty. The defendants deny the tenancy of the plaintiff, Irvin Melvin, and aver that he was advanced by a conveyance made by the intestate in his life time of real estate equal in value to one-third of that proposed to be divided, and is thereby excluded from any share in the said inherited lands, and has waived all right thereto. To determine the matters of defence, certain issues were framed and transmitted to the superior court for trial, the substance of which, without needless verbiage, is embodied in the following:

1. Is the plaintiff, Irvin, a tenant in common with the others, his sisters, in the said descended lands?

2. Did Robert Melvin, their father, in his life time, settle upon or advance to said Irvin the real estate described in the answer?

3. Has the said Irvin waived or abandoned all claim to share with the other heirs in the descended lands aforesaid?

Upon the trial the defendants introduced a deed from the intestate to said Irvin, reciting a consideration of four hundred dollars paid by the latter and conveying the tract of land set out in the answer, and to show this to be a gift and an advancement, proved by a witness, Howard Smith, that he was consulted by said Irvin previous to the making the conveyance as to the effects of a deed in form, a gift, or a

bargain and sale, and advised said Irvin that land conveyed by bargain and sale would not have to be accounted for, while as a gift it would; and suggested to him that money should pass between them as the consideration, or a note given for the amount, and either could be afterwards returned to him.

The defendants offered to prove declarations of the intestate, subsequent to the execution of the deed and while his son was in possession, as to the consideration of it, and this evidence on objection was ruled out.

It was proved that at a division among the three sisters the said Irvin was present, made no objection, and said he should claim no part of the land. Similar and repeated declarations of said Irvin, to the same import, were proved by different witnesses for the defendant.

The plaintiffs offered testimony tending to prove the payment of a full consideration for the land, and a witness present at the delivery of the deed saw a note therefor passed from the son to the father.

Upon this showing His Honor intimated an opinion that the defendants' evidence tended to prove that if no consideration of value passed between the parties it was in consequence of an arrangement between them by which the transaction was to be treated, as in form it was, a bargain and sale and not a gift; and in such event the land would not have to be accounted for.

The defendants' counsel then insisted that, in that aspect of the case, the surrendered note would be an advancement in personalty. To this suggestion His Honor replied that if the return of his note to the son was part of the arrangement by which the land was to be given, so that in form the deed would upon its face purport to be for a valuable consideration, while in truth it was a gift, the return of the note to the maker, in pursuance of the common understanding, would not be in law an advancement. The jury under

these instructions found the issues for the plaintiffs. The several exceptions presented on the record will in their order be considered and disposed of:

1. The defendants except to the rejection of the declarations of the intestate as to the consideration of the deed, made after its execution. The reasons assigned for the exclusion by the court are two-fold : first, because they are offered " as a narrative of a past fact," and are hearsay merely ; secondly, they do not proceed from a person in possession, and are not therefore connected with a possession to qualify or explain it. The ruling of the court is correct, and there is no ground upon which the evidence could be admitted. The incompetency of a party who has conveyed property and delivered the possession to impeach his own deed or to impair its force and efficiency by his own subsequent words or acts, is a rule of evidence too well established to need argument or authority in its support. When they accompany a retained possession, they are admitted only as explanatory of the act of possession or in disparagement of the defendant's title and not to prove the existence of an antecedent occurrence, as is pointed out in the opinion in *Roberts* v. *Roberts, ante* 29.

2. The defendants object to the instruction given to the jury, upon the supposed findings of fact by them, as to the operation of the deed as a gift and an advancement. We see no error in this statement of the law. While a gift in form raises the presumption of an intent that the donee of any considerable portion of the parent's estate shall account therefor in a settlement with the heirs and distributees after his death, while a bargain and sale does not, it is clear that if at the time of the conveyance by either mode the parent did not intend it should operate as an advancement, and this intent appears in the instrument by which the transfer is effected, or from the facts of the transaction, or is shown by other proof, the property so conveyed is not an advance-

ment, nor its value to be accounted for afterwards. The intention of the donor controls and gives character to his donation, and it is his indisputable right in his life time as well as at his death, to dispose of his estate among his children and to bestow it in unequal proportions among them or to exclude them altogether, if he shall so elect.

In *James* v. *James*, 76 N. C., 331, the intestate had conveyed certain personal property by deed of gift to a child, declaring therein that it was intended to be an absolute gift and not an advancement; it was held that the donee was not required to account, and PEARSON, C. J., uses this language: "The doctrine of advancements is based on the idea that parents are presumed to intend, in the absence of a will, an equality of partition among the children; hence a gift of property or money to a child is *prima facie* an advancement, that is, property or money paid in anticipation of distribution of his estate; but surely this presumption may be rebutted by an express declaration in the deed of gift, that it is not intended to be an advancement, but is intended to be an absolute gift." So in the case of *Bradsher* v. *Cannady, Ibid.*, 445, RODMAN, J., says: "A parent may give his child property instead of advancing it to him. Whether a gift is an advancement or not depends on the *intention* of the parent at the time the gift is made." And he proceeds: "In the absence of direct evidence of the intention at that time, it must be inferred from the *nature of the gift* and the circumstances under which it was made." It is thus manifest that the intestate's intention impresses upon the transaction its true legal character, and the jury were well warranted in finding that intention in the form of the conveyance and in the facts preceding and attending its execution, as disclosed by the defendants' own witnesses, under the directions of the court as to the law applicable thereto.

3. The counsel further insisted, and presses the argument before us, that the transaction is in form and effect a sale, and that the surrender of the note is an advancement of its value as personalty, and relies upon *Bridgers* v. *Hutchings*, 11 Ired., 68, and *Hanner* v. *Winburn*, 7 Ired., Eq., 142. The principle decided in those cases does not apply to the facts of this, nor to the ruling of the court thereon. The instruction is in effect this: If the original understanding of the parties contemplated the giving and subsequent surrender of the note as the consummation of the matter and as a means of freeing the donee from liability to account for the land, it would not be an advancement of the value of the note. We fully concur in the correctness of this ruling and the ground on which it is placed. But a sufficient answer to the objection is that the defendants allege an advancement in *land* and no other, and the issue is confined to that inquiry alone. No amendment was asked to present the question of an advancement of personal estate, nor issue to correspond with it, and hence the matter was wholly outside the controversy. Furthermore, the condition of the intestate's personal estate is not ascertained, and it is only when the gift to a child exceeds his share in that fund that the excess is transferred and its value charged in the division of the real estate among the heirs. Bat. Rev., ch. 36, rule 2.

4. The defendants urge also that the conduct and repeated disclaimers of the plaintiff, Irvin Melvin, are an estoppel, and forbid his assertion to any right or interest in the inheritance. This evidence was received and may have been admissible as bearing upon the question of the donor's intent and the character impressed upon his conveyance. It certainly was incompetent to create an estoppel and transfer an estate in the land. There is no element of an estoppel in the facts testified to as defined by READE, J., in *Holmes* v. *Crowell*, 73 N. C., 613, and approved in *Exum* v.

*Cogdell*, 74 N. C., 139. See also *Mason* v. *Williams*, 66 N. C., 564.

Mere words, however often uttered, do not convey an interest in land or extinguish a legal right thereto, unless when another, acting upon the representations, has been induced to part with something of value, or assumed obligations, and it would be a fraud upon him to allow the party afterwards to assert a claim or title to his injury. Such is not the present case.

No error.                                                    Affirmed.