LYDIA PATTERSON v. J. W. WADSWORTH, Administrator.

*Appeal from the Clerk—Removal of Administrator—Amendment.*

1. Where on appeal from an order or judgment of the Clerk, the Judge rules that there is error, it is the duty of the Clerk to proceed to enter the proper judgment without any formal order directing him to do so.

2. An amendment will not be allowed, when its effect would be to evade or defeat the provisions of a statute.

3. Where an amendment was allowed, which could only be done upon affidavit, but the record is silent as to whether an affidavit was filed or not, the affidavit is presumed to have been filed, upon the ground that that which is not shown to be wrong is presumed to be right.

4. Where an application was filed to remove an administrator, and no answer having been filed, the Clerk refused the motion, and on appeal the Judge reversed the order and remanded the case, the Clerk has power to allow an answer to be filed.

(*Cogdell* v. *Exum*, 69 N. C., 464, cited and approved).

Appeal from a judgment of the Clerk, heard before *Montgomery, Judge*, at August Term, 1885, of the Superior Court of ROWAN county.

This was a proceeding begun before the Clerk of the Superior Court, in the nature of a motion in the cause, by petition for the removal of John W. Wadsworth, administrator of Chauncey Bennett, deceased.

On the 17th day of April, 1885, a notice was duly served upon the defendant, citing him to appear before the said Clerk of the Superior Court, on the 27th day of April, 1885, and answer the petition of the plaintiff, and show cause why he should not be removed as such administrator. On the 27th day of April, plaintiff accordingly appeared in person and by counsel, and the defendant failed to appear either in person or by counsel, and the matter coming on to be heard upon the petition of plaintiff, there being no answer to the petition, plaintiff's counsel moved for the removal of defendant as administrator, and that his letters of administration be revoked. The motion was refused by the Clerk, and plaintiff appealed. At Spring Term, 1885, of Rowan Superior Court, the matter came up upon said appeal before *McKoy, Judge*, and after a hearing of the matter, counsel for both plaintiff and defendant being present, his Honor rendered judgment that the Clerk was in error in his ruling, and remanded the matter back to the Clerk, directing him to proceed according to law. On the 9th day of June, 1885, the mat-

ter was again heard by the Clerk, when defendant's counsel came in and asked to be allowed to answer the petition, which motion was allowed and plaintiff appealed. At August Term of the Superior Court, the matter came up for hearing before *Montgomery, Judge,* and being heard, his Honor affirmed the judgment of the Clerk, allowing defendant to answer, from which judgment the plaintiff appealed to the Supreme Court.

*Messrs. Lee S. Overman* and *E. C. Smith*, for the plaintiff.
*Messrs. Chas. Price* and *J. A Williamson*, for the defendants.

ASHE, J., (after stating the facts). When the petition in this case came on to be heard, the Clerk refused to make the order of amotion, and on the appeal the Judge held there was error, and remanded the case, directing the Clerk to proceed according to law. That, after the judgment of his Honor that there was error, was his duty, without any directions from the Judge. But what was the proceeding to be pursued according to law? The effect of the ruling of his Honor, evidently was to restrict the Clerk from any other judgment in the case than that the defendant should be removed from office, if the case, should remain before him, in the same state it was in when the appeal was taken. But when the case was remanded, it was then before the Clerk, as if no appeal had been taken, except that he was concluded from rendering another judgment of like import upon the petition standing alone.

On the 9th of June, 1885, the matter was again heard by the Clerk, and, upon motion of defendant's counsel, he was permitted to file an answer, to which the plaintiff excepted, and appealed. This presents the question whether there was a proceeding according to law.

"As a general rule, every Court has ample power to permit amendments in the process and pleadings of any suit pending before it. The exception in this, is when the amendment proposed would

evade or defeat the provisions of a statute." *Cogdell* v. *Exum*, 69 N. C., 464. But the plaintiff insists that the permission to the defendant to answer, was an evasion of §283 of The Code, by which Clerks were allowed to enlarge the time of pleading, upon good cause shown by affidavit.

In this case, it is stated, the permission to answer was allowed upon the motion of the defendant, but it is not stated that the motion was unsupported by an affidavit, and in the absence of any statement to the contrary, the action of the Court is presumed to be right, upon the principle that what is not shown to be wrong, must be presumed to be right.

There is no error. Let this opinion be certified to the Superior Court of Rowan county, that the case may be remanded to the Clerk of that Court, to be proceeded with according to law.

No error. Affirmed.