JOHN SILVEY & CO v. J. C. AXLEY & BRO.

*Action on Note—Collateral Security—Duty of Holder—Issues—Instructions.*

1. In the trial of an action on a debt due by defendants to plaintiffs the defense was that defendants had assigned to plaintiffs certain collateral notes which the maker agreed to secure by mortgage; that defendants notified plaintiffs of the opportunity to obtain security, and requested them to forward the notes for the purpose of having them secured, but plaintiffs delayed until the opportunity for getting the security had passed and that by such delay and negligence the defendants suffered damage which they set up as a counter-claim; *Held*, that it was proper to submit as an issue: " Are defendants indebted to plaintiffs, and, if so, in what amount?" Since (1) such issue was raised by the pleadings (2) a verdict upon it would constitute a sufficient basis for a judgment and (3) defendants were not barred for want of an additional issue from presenting to the jury some view of the law arising out of the evidence.

2. In such case, testimony that the maker of the collateral notes was ready, able and willing to secure the same when defendants asked plaintiffs to forward them, was immaterial, inasmuch as he could have given the security without the presence of the note.

3. In such case, it was not error to refuse to instruct the jury that it was the duty of the plaintiffs to use due diligence to have the notes secured after they had notice of the maker's willingness, where it appeared that the notes were afterward returned to the defendants for collection without objection and defendants again assigned them with a judgment obtained thereon.

4. Nor, in such case, was it error to refuse an instruction that, if the maker of the notes could have secured them and was willing to do so and plaintiffs, after being notified thereof, failed to send the notes until the opportunity to secure them had passed, then plaintiffs were negligent and defendants were entitled to damages; for security could have been given by the maker of the notes while they were in plaintiff's hands.

5. The holder of a debt secured by mortgage or deed of trust, having two remedies—one *in personam* for the debt and the other *in rem* to subject the mortgaged property to its payment—can pursue either remedy without waiving his right to resort to the other.

CIVIL ACTION, tried before *Graham, J.*, and a jury, at Spring Term, 1895, of CHEROKEE Superior Court. There was a verdict for the plaintiffs, and from the judgment thereon defendants appealed. The facts are fully stated in the opinion of Associate Justice MONTGOMERY.

*Messrs. J. W. Cooper* and *Kope Elias*, for plaintiffs.
*Messrs. E. B. Norvell* and *F. P. Axley*, for defendants (appellants).

MONTGOMERY, J.: The plaintiffs had a debt against the defendants, and the latter had assigned in writing to the plaintiffs two notes of one Branderth, due to the defendants, as a collateral security for the plaintiffs' debt. The plaintiffs sued the defendants and the answer makes averment that in August, September or October, 1893, Branderth could have secured on a saw-mill which he owned his two notes, and had agreed with the defendants that if they could get his notes sent to them by plaintiffs, who lived in Atlanta, Georgia, he would secure them; that defendants wrote to plaintiffs in August, 1893, requesting them to send on the notes for the purpose of having them secured, but that the plaintiff refused and failed to take any steps until May, 1894, at which time Branderth had disposed of the saw-mill; and by reason of this default and

delay of the plaintiffs, the defendants aver they have sustained damage, and set up the same as a counter-claim against plaintiff's demand. His Honor submitted the following issue tendered by plaintiffs: "Are the defendants indebted to the plaintiffs, and if so, in what amount?" This issue was a proper one to have been submitted.

In *Patton* v. *Garrett*, 116 N. C., 847, this Court said: "It is within the sound discretion of the trial judge to determine what issues shall be submitted, and to frame them subject to the restrictions, 1st. That only issues of fact raised by the pleadings are submitted. 2nd. That the verdict constitutes a sufficient basis for a judgment. 3rd. That it does not appear that a party was debarred for want of an additional issue or issues of the opportunity to present to the jury some view of the law arising out of the evidence." The issues offered by the defendants in this case presented the different aspects in which the evidence might be viewed, rather than the material issues raised by the pleadings. The court committed no error in its refusal to submit them. In the course of the trial the defendants proposed to ask Branderth if he was willing, able and ready to secure his notes in August, September and October, 1893, and in May, 1894. The plaintiffs objected and the objection was sustained. The whole evidence was immaterial, as Branderth could have secured the notes while they were in the hands of the plaintiffs just as well as he could if they had been in his own hands. It was his business to know both the amounts and the dates.

The defendants asked the court to charge the jury: "1. That it was the duty of the plaintiffs to use due diligence in securing the note on Branderth, turned over to them by defendants, and especially is this true where the plaintiffs had notice of the fact that Branderth was willing to secure them." The court declined to give this

instruction and the defendants excepted. There was no error, for the notes had been returned to defendants without objection on May 1, 1894, the defendants had undertaken the collection of them, and again assigned them to the plaintiffs on November 13, 1894, and the judgment thereon on December 8, 1894, and became the agent of the plaintiffs for the collection of the same.

The defendants further asked the court to instruct the jury: "2. That if they believed that Branderth could have secured the notes in the Fall of 1893, and agreed to do so, and plaintiffs were notified of this by defendant and requested to send the notes on to be secured but failed to do so and kept the notes in their possession for six or eight months after the offer to secure, and in the meantime all opportunity to secure the same was lost, the plaintiffs were guilty of negligence and defendants are entitled to whatever damage they sustained by reason of such negligence of plaintiff." The court declined to give this instruction and the defendants excepted. We see no error in the refusal to give this instruction. As we said *supra*, in passing on the plaintiffs' objection to Branderth's testimony, the notes could have been secured while they were in the hands of the plaintiffs, just as well as if they had been sent to Branderth for that purpose.

"At the close of the testimony, the defendants moved to dismiss the action upon the ground that the deed of trust dated November 13, 1894, offered in evidence by plaintiff, raised an implied promise in law that the plaintiffs would not sue upon the notes secured by the trust until the trustee executed his trust, or until negligence was shown on the part of the trustee in not executing the trust. The motion was denied and defendants excepted." There was no error in the refusal to give this instruction. A creditor, whose debt is secured by way of mortgage or

trust, has two remedies, one *in personam* for his debt, the other *in rem*, to subject the mortgaged property to its payment; and a resort to one is no waiver of the other. *Ellis* v. *Hussey*, 66 N. C., 501.

" The court then charged the jury, among other things, that if they believed from the testimony that the Branderth notes were merely taken as collateral security by plaintiffs, and were returned without objection to defendants, and then held by them for some time, and on November 13, 1894, again assigned to plaintiffs, and held by defendants as plaintiffs' agent for collection, then they should answer the issue in the affirmative for the amount admitted to be unpaid by defendants. Defendants excepted." There is no force in the exception and the instruction was correct. The judgment of the court below is

Affirmed.