WM. T. ALEXANDER AND HIS WIFE, ETHEL P. ALEXANDER, v. VIRGINIA-CAROLINA JOINT STOCK LAND BANK AND SOUTHERN TRUST COMPANY, TRUSTEE.

(Filed 7 October, 1931.)

1. **Evidence J d—Parol evidence is admissible to show mutual mistake in an action for reformation of instrument.**

   In an action to reform a deed of trust or mortgage on real property, parol evidence is competent to sustain the allegations of the complaint that an additional tract of land was included in the description of the land in the instrument by the mutual mistake of the parties, this being an exception to the ordinary rule that evidence of this character is not admissible to vary the terms of a written instrument.

2. **Judgments L b—Held: mortgagor was not barred by decree of foreclosure from bringing suit for reformation of description in mortgage.**

   Where in an action to foreclose a deed of trust the description in the complaint and in the prayer for relief is ambiguous, the decree of foreclosure will not estop the trustor or mortgagor as a matter of law from bringing an action to reform the description in the deed of trust on the ground that through the mutual mistake of the parties more land was included within the description than had been intended or agreed upon, and in this case it further appears that the trustee was not made a party to the suit for foreclosure.

3. **Mortgages H e—Trustee is necessary party in suit for foreclosure.**

   The legal title to lands conveyed by mortgage or deed of trust remains in the mortgagee or trustee until the lands have been sold and conveyed

15—201

by him under power of sale or under a decree of court, and in an action to foreclose a mortgage or deed of trust the mortgagee or trustee is an indispensable party.

APPEAL by defendants from *Moore, Special Judge,* at June Special Term, 1931, of WASHINGTON. No error.

This action was begun on 24 February, 1929. It was tried on the issue raised by the pleadings at June Special Term, 1931, of the Superior Court of Washington County.

On the allegations of the complaint, plaintiffs prayed that a deed of trust, dated 1 December, 1924, and executed by plaintiffs, conveying a tract of land containing 1,500 acres more or less, described therein by metes and bounds, to the defendant, Southern Trust Company, trustee, to secure their note payable to the defendant, Virginia-Carolina Joint Stock Land Bank, be reformed so as to exclude from the description in said deed of trust, a tract of land known as part of the Mountain Hill farm, owned by plaintiffs, which was included in said description by the mutual mistake of the parties.

In their answer, defendants denied the allegations of the complaint on which plaintiffs pray for relief in this action; in further defense to the action, defendants alleged that the deed of trust from the plaintiffs to the defendant, Southern Trust Company, trustee, was foreclosed by a judgment and decree rendered in the Superior Court of Washington County, on 19 March, 1928, in an action entitled, "Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander"; and that pursuant to said judgment and decree, the land described in the deed of trust was sold and conveyed to the defendant, Virginia-Carolina Joint Stock Land Bank, by W. A. Worth, commissioner. Defendants alleged that plaintiffs are now estopped from maintaining this action by said judgment and decree, which defendants expressly plead as a bar to plaintiff's recovery in this action.

In their reply to the further defense alleged in the answer, plaintiffs denied that the judgment and decree alleged therein is a bar to their recovery in this action; they alleged that the description of the land contained in the complaint in the action entitled "Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander," does not include that part of the Mountain Hill farm owned by the plaintiff, Wm. T. Alexander, which was included in the description of the land conveyed by the deed of trust by the mutual mistake of the parties to said deed of trust.

The issue submitted to the jury was answered as follows:

"Was the part of the Mountain Hill farm of plaintiffs, being the land shown on the map offered in evidence to the north of the red line, in-

cluded in the deed of trust from plaintiffs to Southern Trust Company as trustee for the Virginia-Carolina Joint Stock Land Bank, dated 1 December, 1924, and recorded in Book 89, at page 22, included in said deed of trust by reason of the mutual mistake of the parties? Answer: Yes."

On the verdict it was ordered, adjudged and decreed that the description in the deed of trust from plaintiffs to Southern Trust Company recorded in the office of the register of deeds of Washington County, in Book 89, at page 22, and in the deed from W. A. Worth, commissioner, to the Virginia-Carolina Joint Stock Land Bank, recorded in Book 97, at page 389, is incorrect, and includes land belonging to the plaintiffs. It was further ordered, considered and decreed that said descriptions be and the same were reformed as specifically directed in the judgment and decree in this action.

From the judgment, both defendants appealed to the Supreme Court.

*MacLean & Rodman and Zeb Vance Norman for plaintiffs.*
*Worth & Horner for defendants.*

CONNOR, J. Defendants' assignments of error on their appeal to this Court, based on their numerous exceptions to the admission of evidence offered by the plaintiffs at the trial of this action, cannot be sustained.

The testimony of the plaintiff, Wm. T. Alexander, was competent as evidence tending to show that it was the intention of both the plaintiffs and the defendants that the plaintiffs should convey by their deed of trust to the Southern Trust Company, trustee for the Virginia-Carolina Joint Stock Land Bank, only the Shepherd Farm, and that it was not the intention of either party to the deed of trust that any part of the Mountain Hill Farm, which adjoined the Shepherd Farm, should be conveyed thereby.

In *Archer v. McClure,* 166 N. C., 140, 81 S. E., 1081, it is said: "The doctrine is elementary that parol evidence is not, in general, admissible between the parties to vary a written instrument, but it is equally well settled that mistake, fraud, surprise, and accident furnish exceptions to the universal principle, and parol evidence, in any case brought within one of the exceptions, is admitted to vary the writing so far as to make it accord with the true intention and agreement of the parties. These exceptions rest upon the highest motives of policy and expediency, or otherwise an injured party would generally be without remedy."

In this action, the remedy sought by the plaintiffs is the reformation of the deed of trust, so that it will accord with the true intention and agreement of the parties thereto, with respect to the land conveyed by

the deed of trust. Plaintiffs allege that in that respect the deed of trust does not accord with the true intention and agreement of the parties, because of their mutual mistake. On this allegation, if established by the proof, plaintiffs are entitled to the equitable remedy of reformation.

There was evidence other than the testimony of the plaintiff, Wm. T. Alexander, tending to establish the essential allegations of the complaint. It appears from the application to the defendant, Virginia-Carolina Joint Stock Land Bank, which is in writing, and signed by the plaintiff, Wm. T. Alexander, that the loan, if made, was to be secured by a first mortgage on "A tract of land, situate in Scuppernong Township, Washington County, North Carolina, adjoining Lake Phelps, and the lands of A. G. Walker, A. S. Holmes, the Woodley heirs and others, containing 1,500 acres more or less." In the complaint filed by the Virginia-Carolina Joint Stock Land Bank in the action against the plaintiffs herein, for the foreclosure of the deed of trust, the land sought to be sold is described as "a certain tract or parcel of land situated in Scuppernong Township, Washington County, North Carolina, containing 1,500 acres, more or less, known as the Shepherd Farm, adjoining Lake Phelps, · the lands of A. G. Walker, A. S. Holmes, the Woodley heirs and others, a detailed description of said land being set out in the aforesaid deed of trust, which is recorded in the office of the register of deeds of Washton County in Book 89, at p. 22." It is admitted that the description in the deed of trust includes part of the Mountain Hill Farm.

The judgment and decree relied upon by the defendants in this action, as a bar to plaintiff's recovery, was rendered in an action entitled, "Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander." The Southern Trust Company, trustee in the deed of trust, was not a party to that action. In this jurisdiction it is uniformly held that the legal title to land conveyed by a mortgage or deed of trust, to secure the payment of a note or bond, is in the mortgagee or trustee. *Weathersbee v. Goodwin*, 175 N. C., 234, 95 S. E., 491. In an action to foreclose the mortgage or deed of trust, the mortgagee, or trustee is an indispensable party. 42 C. J., 44, sec. 1557. The legal title remains in the mortgagee or trustee until the land is sold and conveyed by him under the power of sale or by a commissioner under a decree rendered in an action to which he is a party.

Upon the facts of the instant case, whether the absence of the trustee as a party to the action to foreclose the deed of trust rendered the decree of foreclosure void, or was a mere irregularity, the judgment and decree in the action entitled, "Virginia-Carolina Joint Stock Land Bank v. Wm. T. Alexander and his wife, Ethel P. Alexander," does not as a matter of law bar the plaintiffs' recovery in this action. The descrip-

tion in the complaint in said action of the land which plaintiff therein prayed should be sold was at least ambiguous. *Ward v. Gay,* 137 N. C., 397, 49 S. E., 884.

Defendants excepted to the refusal of the court to allow their motion at the close of all the evidence for judgment dismissing the action as of nonsuit. They also excepted to the refusal of the court to instruct the jury that if they believed all the evidence and found the facts to be as testified, they should answer the issue "No." Assignments of error based on these exceptions cannot be sustained. The evidence was properly submitted to the jury under a charge to which there was no exception.

We find no error in the trial or in the judgment. It is affirmed.

No error.