STATE v. G. E. KIRBY AND TONY PACE.

(Filed 16 December, 1931.)

Criminal Law L f—Where judge has failed to find facts upon which he refused motion to retax the costs, the case will be remanded.

Upon refusing defendant's motion to retax the costs in a criminal action the judge should find the material facts upon which his ruling is based so that the Supreme Court may determine the correctness of his ruling,

and where this has not been done the case will be remanded; in this case it not appearing whether the State had tendered its witnesses for cross-examination or whether the trial judge made any order with respect to the fees of any witnesses, or whether certificates were given them by the solicitor, C. S., 1287, or whether the witnesses whose fees were taxed were duly under subpœnas, C. S., 1284, and upon remand the costs of the appeal will be taxed against the State.

APPEAL by defendant, G. E. Kirby, from *Schenck, J.,* at Spring Term, 1931, of POLK. Remanded.

The defendants in this action were tried and convicted upon an indictment charging them with an affray. It was adjudged that the defendant, G. E. Kirby, pay a fine of $25.00 and one-half the costs, and that the defendant, Tony Pace, pay the remaining one-half of the costs. The costs as taxed by the clerk amount to $220.20. The defendant, G. E. Kirby, moved that the costs be retaxed, contending that the clerk had erroneously included fees for witnesses who were not entitled under the law to prove their attendance against the defendants. This motion was continued for hearing and was heard at a subsequent term of the court.

From an order denying his motion, the defendant, G. E. Kirby, appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*J. R. Barbour for defendant.*

CONNOR, J. It does not appear from his order, or from the record in this appeal, that the judge who heard defendant's motion that the clerk be directed to retax the costs in this action, found the facts upon which he denied the motion. In the absence of such finding, we are unable to determine whether or not there was error in the order from which defendant has appealed to this Court.

It appears from the case on appeal certified to this Court that the clerk included in the costs fees for 12 witnesses, and that only 5 of these witnesses attended the trial under subpœnas duly issued by the clerk. C. S., 1284. Only 4 of these witnesses were called and examined at the trial by the solicitor for the State. It does not appear that the other witnesses were tendered by the solicitor to the defendants for cross-examination, or that the trial judge made any order with respect to the fees of any of the witnesses for the State, or that the solicitor gave to any of these witnesses certificates as required by C. S., 1287.

On the present record it cannot be determined whether or not there was error in the order denying defendant's motion.

It is therefore ordered that the action be remanded to the Superior Court of Polk County, with direction that the judge presiding in said court hear such evidence as may be offered at a rehearing of defendant's motion, and find therefrom the facts which are pertinent to an order disposing of said motion. Upon the facts so found by him, the said judge shall allow or deny defendant's motion in accordance with his opinion as to the law applicable to such facts. The costs of this appeal shall be paid by the State.

Remanded.