C. G. GRADY, GUARDIAN FOR HENRY A. HODGES, v. J. D. PARKER AND WIFE, AGNES A. PARKER, W. R. DENNING, W. L. LANGDON, ADMINISTRATOR OF WILLIS CALVIN LASSITER, DECEASED, PEEDIN & PETERSON, COLONIAL LIFE INSURANCE COMPANY, F. H. BROOKS, FIRST-CITIZENS BANK & TRUST CO. OF SMITHFIELD, N. C., AND LEON G. STEVENS.

(Filed 15 October, 1947.)

**1. Mortgages § 43b—**

In an action by a successor guardian against the original guardian to recover funds of the estate which the original guardian had loaned to himself and secured by deed of trust, judgment was entered for the amount and foreclosure of the deed of trust decreed. The trustee in the deed of trust was not a party to the action. *Held:* The decree of foreclosure is invalid, since jurisdiction of the trustee, who has legal title to the *res*, is prerequisite to such order.

**2. Same: Parties § 10a—**

Where decree of foreclosure of a deed of trust is entered in an action in which the trustee is not a party, the defect cannot be cured by an order entered subsequent to the decree making the trustee a party *nunc pro tunc.*

**3. Evidence § 2—**

The courts will take judicial knowledge of the terms of the Superior Courts.

**4. Mortgages § 33d—**

Whether the resident judge during vacation and at chambers could confirm a foreclosure sale of a mortgage or deed of trust without consent of the parties, G. S., 1-218, *quære.*

**5. Mortgages § 39e (8)—**

Where decree of foreclosure is entered in a suit in which the trustee is not a party and the *cestui* bids in the property at the sale, the foreclosure is void, and the trustor is entitled to redeem the property and to have an accounting of rents and profits against the mortgagee in possession.

DEFENDANT'S appeal from *Harris, J.,* at April Term, 1947, of JOHNSTON.

Certain phases of the case now under review were here on appeal at the Fall Term, 1945, of this Court and will be found reported as *Trust Co. v. Parker,* 225 N. C., 480 (35 S. E. (2d), 489). Reference to the statement of the case as there reported and the opinion by *Mr. Justice Barnhill* is sufficient to show the historical background of the case and to supplement this statement in parts essential to an understanding of the present appeal.

It will be found that the action was originally instituted on February 6, 1935, by one of the successive guardians of an incompetent veteran

against James D. Parker, the original guardian, and his wife, was tried at September Term, 1936, of Johnston County Superior Court, and resulted in a judgment on the $4,000 note given by Parker for funds "loaned" to himself out of the guardianship fund; and an order of foreclosure upon certain property of Parker conveyed to H. V. Rose, Trustee, in a deed of trust securing the "loan." In this action Rose, the trustee, was not made a party, either plaintiff or defendant. Mrs. Parker filed an answer resisting a sale of the property at that time because of the inevitably low price which the property would bring because of the depression. The property, however, was sold under order of the court by W. P. Wellons, Commissioner.

The present controversy concerns only that portion of the real estate known as the "office property" which appears to have been resold under an order entered at November Term, 1938, in which the First-Citizens Bank & Trust Co., a successor guardian, was permitted to bid on the property. A report of this sale followed without any recommendation or statement of the value of the property, and on January 28, 1939, an order of confirmation was made by Hon. Clawson L. Williams, Judge, who purports to make the confirmation as Resident Judge of the Fourth Judicial District, and signs himself as such. At that time, the record discloses, there was no session of Superior Court holden in the County of Johnston.

The record does not disclose that the parties defendant herein had any notice of any motion for a resale of the property, or of the intended confirmation.

At the April Term, 1947, of the Superior Court of Johnston County the successor guardian, having been made a plaintiff in the action, caused the proceeding to be put on the motion docket. At the call of the docket and before the case was heard the defendants demurred *ore tenus* on the ground that the complaint as to the foreclosure of the mortgage did not state a cause of action, for that the mortgagee or trustee in the deed of trust, holder of the legal title, was not, and never had been a party to the action. The demurrer was overruled and the defendants excepted and appealed.

Thereupon the plaintiff, upon unverified petition and without affidavit, moved the court that the original complaint be amended so as to name the mortgagee, H. V. Rose, Trustee, as a party plaintiff therein and that he be allowed to adopt the original complaint *nunc pro tunc.*

The court, over objection of the defendants, entered an order upon the motion making the said Rose, Trustee, a party plaintiff to take effect *nunc pro tunc* at the time of the hearing and order of foreclosure, and from this defendant excepted and appealed.

*Lyon & Parker for plaintiff, appellee.*

*E. A. Parker and Jane A. Parker for defendants, appellants.*

SEAWELL, J.   The defendants do not challenge the validity of the deed of trust or the present right of enforcement, nor do they dispute the effectiveness of the judgment against Mrs. Parker on the note.   They do contend that the order of foreclosure, made while Rose, trustee in the deed of trust, was not a party to the proceeding, was void; and that the order attempting to cure its invalidity by making Rose a party by relation *nunc pro tunc* before the order was made is beyond the present power of the court, and at best could only make the trustee a party for some subsequent action in the premises as might be properly taken; that the order of confirmation was a final order without which no title is vested in the bidder, and under the law then current could not be made out of term and out of the county where the action was pending without consent of parties, which should affirmatively appear of record.

For these reasons they conclude that they are now entitled to redeem the property and to that end have an accounting for rents and profits against the mortgagee in possession.

These challenges to the validity of the foreclosure proceeding are so related that a fatal defect in either the order of foreclosure or the order of confirmation of the same, if it exists, is sufficient to entitle the defendants to the relief they seek.   We need only to pass upon the first.

The Court has frequently held that the mortgagee or trustee in a deed of trust, is a "necessary," and "indispensable" party to an action for foreclosure; *Smith v. Bank,* 223 N. C., 249, 25 S. E. (2d), 859; *Alexander v. Bank,* 201 N. C., 449, 160 S. E., 460; *Hughes v. Hodges,* 94 N. C., 56, 60, 61; *Williams v. Teachey,* 85 N. C., 406.

Careful consideration of the bases on which these declarations are made justifies the position that the presence of the trustee as a party,—either plaintiff or defendant,—is jurisdictional with the Court, and without it no valid judgment of foreclosure can be had.   The nature, purpose and importance of the trust confided to him, the fact that the foreclosure is a proceeding *in rem,* and that the legal title to the *res* is in the trustee and cannot be divested in a proceeding to which he is not a party,—these are amongst the considerations which lead to the conclusion that the court dealing with such a proceeding must first acquire jurisdiction of the trustee as such before entering a valid order of foreclosure.   We do not consider it material whether he stands north or south of the *versus.*

There is no statutory or other authority under which the court could be justified in its attempt to cure this invalidity by an order making the trustee, by relation, a party *nunc pro tunc* to the proceeding, so as to

place him in that position prior to the rendition of the challenged judgment. At best any effect the order might have would be to make him presently a party for such action as might be permissible subsequent to the order. As a curative attempt it was *non coram judice.*

Confirmation of the resale of the office property here in controversy purports to have been made by Hon. Clawson L. Williams as Resident Judge of the Fourth Judicial District. The Court will take judicial knowledge that no session of Johnston Superior Court was being held at that time, although we do not see that this fact is disputed. It is contended that under the law as it then existed, confirmation, unless by consent of parties, could only be made at a regular term of the Superior Court, could not be made out of term or out of the county where the suit was pending except by consent of parties,—and neither notice nor consent appears in the instant case. Defendants cite *May v. Insurance Co.,* 172 N. C., 795, 90 S. E., 890; *Bynum v. Powe,* 97 N. C., 374, 378, 2 S. E., 170; *Laundry v. Underwood,* 220 N. C., 152, 16 S. E. (2d), 703; *Brown v. Mitchell,* 207 N. C., 132, 134, 176 S. E., 258; *Bank v. Peregoy,* 147 N. C., 293, 296, 61 S. E., 68; *Godwin v. Monds,* 101 N. C., 354, 7 S. E., 793.

In view of the conclusion which we have reached we do not deem it necessary to decide the question whether G. S., 1-218, is broad enough to give jurisdiction to the resident judge during vacation and at chambers to confirm a foreclosure sale without consent of parties. We may say that barring the provision that a commissioner's sale may be confirmed after 10 days where there is no objection and no raised bid, there is nothing in the statute, reasonably construed, that may be given that effect,—and jurisdiction by an inference not altogether necessary,—is not favored. Under the old practice it was considered necessary to allow 20 days to elapse before moving for confirmation of the commissioner's sale under order of the Superior Court, and this sometimes prevented confirmation at the ensuing term. In view of the fact, however, that other titles might be disturbed by any present ruling, we refrain from passing upon the question until it becomes necessary.

We are clearly of the opinion, however, that the original order of foreclosure is void for the reasons stated and its invalidity was not cured by the present attempt to make the trustee a party *nunc pro tunc.* The defendants are entitled to the relief they have asked.

The judgment and order of the lower court overruling the defendants' demurrer is reversed. The cause is remanded to the Superior Court of Johnston County for judgment in accordance with this opinion.

Reversed and remanded.