### E. R. WILLIAMS v. FRANCES G. WILLIAMS.

(Filed 2 November, 1949.)

**1. Husband and Wife §§ 12a, 12c: Trusts § 4b—**

Where the husband furnishes the purchase price for lands taken in the name of the wife it will be presumed that the lands were a gift to her, but he may overcome the presumption and establish a resulting trust by clear, strong and convincing proof that the parties intended at the time the property was conveyed that she hold title for his benefit or for their joint benefit.

**2. Same—**

G.S. 52-12 does not apply in an action by the husband to establish a resulting trust in lands conveyed to the wife by a third person under agreement that she hold same for his benefit or for their joint benefit, since such agreement does not involve her separate estate.

**3. Husband and Wife §§ 12a, 12c: Trusts § 4b—**

Where the husband pays premiums on a policy of insurance on the life of the wife's father, in which the wife is named beneficiary, under an agreement between them that the proceeds of the policy should be used for the purchase of a joint home, *held,* the proceeds of the policy are not the property of the wife individually but she holds same as a trust fund, and the use of the proceeds for the purpose agreed constitutes a basis for a resulting trust in his favor notwithstanding title in the property is taken in the name of the wife.

**4. Husband and Wife 15b—**

During coverture the husband is entitled to the rents and profits from lands held by them by entireties to the exclusion of the wife.

**5. Husband and Wife §§ 12a, 12c: Trusts § 4b—**

Where, in a husband's action to establish a resulting trust, it appears upon the uncontroverted facts that joint funds were used to make a down payment on property agreed to be purchased for a joint home, although the wife alone was named grantee in the deed, and that payments on the purchase money mortgage were made with rents from the property, *held*, the husband has sufficiently established his payment of at least one-half of the purchase price of the property, since he was entitled exclusively to the rents from the property thus held in trust as an estate by entirety, and upon their subsequent divorce he may establish his tenancy in common under the resulting trust.

**6. Trial § 38—**

The refusal to submit an issue tendered will not be held for error when the first part of the issue follows as a matter of law upon the uncontroverted facts and the second part of the issue is expressly covered in the issue submitted.

**7. Appeal and Error § 29—**

Exceptions in support of which no reason or argument is stated or authority cited in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Edmundson, Special Judge,* 19 March, 1949, as of November Special Term, 1948, of WAYNE.

Civil action to have defendant declared trustee for plaintiff as to an undivided one-half interest in certain land in Wayne County, North Carolina.

These facts appear to be uncontroverted: Plaintiff and defendant were intermarried in the year 1936. They were living together in October, 1938, when a $2,500 policy of insurance on the life of defendant's father was issued by the New York Life Insurance Company. Defendant was named the beneficiary in the policy. The insured died 19 March, 1941, and the proceeds of the insurance policy, $2,512.10, was paid to defendant. Thereafter, by deed dated 10 July, 1941, T. A. Forrest and wife executed a deed to defendant by which the land in question was conveyed. The purchase price was $4,400; $900 of which was paid out of the insurance money, and the balance of $3,500 was paid with money borrowed cotemporaneously from the Goldsboro Building and Loan Association, as security for which plaintiff and defendant as husband and wife gave a deed of trust on the land in question. The balance of the indebtedness secured by this deed of trust was paid on 8 March, 1946. Thereafter, on 27 June, 1947, a decree of absolute divorce from the bonds of matri-

WILLIAMS *v.* WILLIAMS.

mony existing between plaintiff and defendant was entered in an action in Superior Court at Atlanta, Georgia.

Plaintiff alleges in his complaint, and on the trial in Superior Court offered evidence tending to show that in October, 1938, an agent of the New York Life Insurance Company had several policies of insurance issued by that company on the life of defendant's father, in which a son of the insured was named beneficiary; that defendant's father had not requested the policies to be issued, but the agent had them issued in the hope that delivery would be accepted. Neither the named insured nor the named beneficiary accepted the delivery of a certain one of the policies; that defendant brought this fact to plaintiff's attention and after discussing the matter plaintiff and defendant, then husband and wife, "agreed to accept delivery of said policy and to invest in it for the purpose of saving enough to buy a mutual home to be jointly owned by" them—it being specifically understood between plaintiff and defendant that in the event of the death of the insured the proceeds from the policy would be devoted to the purchase of a joint home; that it was agreed at the time that in order to eliminate any question as to whether plaintiff had an insurable interest in the life of the assured, defendant alone should be named beneficiary, but with distinct understanding between them that no gift of the insurance policy was being made by plaintiff to defendant, except in so far as she would benefit by their mutual and joint purchase of a home as tenants by the entirety; that pursuant thereto plaintiff paid the initial annual premium of $204.55, less the agent's commissions, reducing the payment to $150, and the policy was delivered, and the defendant was named beneficiary therein in lieu of the son of the insured; and that plaintiff paid all premiums due on the said policy on a quarterly basis of $54.20 per quarter until the death of the insured. (The evidence of plaintiff provides the details as to payments.)

Plaintiff further alleges in his complaint, and on the trial below offered evidence tending to show that after receipt of the proceeds of the insurance policy he and defendant, intending to carry out their agreement as aforesaid, negotiated for the purchase as a home a triplex unit in one apartment of which they then resided in Goldsboro, N. C.; that the owner agreed with them on purchase price of $4,400, and a deed was prepared conveying the property to plaintiff and defendant as tenants by the entirety, but that, on account of objections made by defendant's family to the title being so conveyed, he and defendant agreed for the deed to be made to her and that, when the "furor should have subsided," defendant would convey the title, or cause it to be conveyed to plaintiff and defendant as tenants by the entirety; that the transaction was closed, and the owners conveyed the property to defendant, as set forth hereinabove in the uncontroverted facts; that thereafter two units of the triplex were

rented out and he, plaintiff, paid all monthly installments of $51.00 each, falling due on the note to building and loan association so given as aforesaid for balance of purchase price and secured by the deed of trust; and that sometimes he paid from his own earnings and sometimes from the rental income; that the payments were about 60% from his own funds and about 40% from rents of the house; and that such payments were kept up until 8 March, 1946, when pursuant to a separation agreement between him and his wife, he paid from his own personal funds $1,272.44 and she paid approximately $200 from her personal funds in full of the note. (The details here are taken from evidence of plaintiff.)

Plaintiff further alleges in his complaint, and on the trial offered evidence tending to show that the purchase of the property and the payment therefor, as well as the payment of the premiums on the life insurance policy were not intended to be a gift from plaintiff to defendant, but were made for the purposes stated "and with the contract, agreement and intent that the title to the said lands should be conveyed to and held by plaintiff and defendant as tenants by the entirety"; but that defendant has failed and refused to comply with said contract and agreement; and that, by the laws of North Carolina, upon the granting of the divorce as aforesaid the said tenancy by the entirety was converted into a tenancy in common.

Defendant, on the other hand, in her answer, denies these allegations of plaintiff as to matters not uncontroverted as hereinabove stated, and on the trial in the Superior Court offered evidence tending to support the averments of her denial. And as witness for herself, she testified in part: "The mortgage to the building and loan association was to be paid $51.00 per month. I paid the installments from the rents from the two apartments which are rented in the house. The rent was $55.00 per month for both apartments and when the rent was paid I would go to the building and loan office and make the payments . . . The payments continued to be received and applied on the mortgage every month up until the time we separated."

The case was submitted to the jury upon this issue:

"Did the defendant agree to take title to the lands described in the complaint and to hold same for the use and benefit of herself and the plaintiff as alleged in the complaint?" The jury answered "Yes."

And from the judgment, declaring that plaintiff is the owner and entitled to the immediate possession of one-half undivided interest in the tract of land in controversy, etc., defendant appeals to the Supreme Court and assigns error.

*L. L. Davenport and John E. Feagin for plaintiff, appellee.*

*J. Faison Thomson and Martin & Wellons for defendant, appellant.*

WINBORNE, J.    Defendant, appellant, contends primarily that the evidence shown in the record on this appeal taken in the light most favorable to plaintiff fails to make out a case for the jury.  She bases her contention in the main upon these grounds: First, that the alleged agreements, on which the action is based, took place between husband and wife during coverture and, not being in writing and proved in the manner required by the provisions of G.S. 52-12 as amended, are unenforceable.

As to this contention, the principles of law most recently stated and applied by this Court in opinions by *Denny, J.,* in *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418, and *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48, are that "a married woman may enter into a parol agreement with her husband to hold title to real estate conveyed to her by a third party, for his benefit or for their joint benefit, and that such an agreement would not involve her separate estate, and, consequently, such contract is not required to be executed in the manner set forth in G.S. 52-12."  But it is there declared that even so, a husband, in order to establish a parol trust in his favor, where his wife holds title to property purchased by him and placed in her name, must overcome the presumption that it was a gift. And that in order to overcome this presumption and establish a parol trust in his favor, in the absence of fraud, mistake or undue influence, the burden is on the husband to show by clear, cogent and convincing proof that it was the intention of the parties at the time the property was purchased and conveyed to the wife, that such property was to be held for the benefit of the husband or for their joint benefit.

The second contention is that the plaintiff has failed to show that the property in question was purchased by him.  In this connection it does not appear that there is any dispute between the parties as to the sources from which the purchase money came.  And if the transaction between plaintiff and defendant in respect to the insurance be as plaintiff alleges and offered evidence to prove, the insurance money, though paid to defendant as the named beneficiary, was not the property of defendant individually.   Rather, she received it as a trust fund for a particular purpose,—"the purchase of a joint home."   Hence, the payment of $900.00 which she made from this fund on the purchase price of the property in question inured to the joint benefit of plaintiff and defendant, as husband and wife.

Moreover, if the transaction in respect to the purchase of the house and lot be as plaintiff alleges, and offered evidence tending to prove, defendant took title thereto in trust for the benefit of plaintiff and defendant as husband and wife, that is, as an estate by the entirety.  The evidence is sufficient to support the finding of the jury in this respect.  Thus, even though the installment payments in the process of liquidating the debt incurred for the money borrowed and applied in payment of the balance

of the purchase price, were made as defendant contends, that is, from rents received from the property in question, this was tantamount to payment by plaintiff. For where an estate by the entirety exists the husband, during the coverture, is entitled to the full control and the usufruct of the land to the exclusion of the wife. *West v. R. R.,* 140 N.C. 620, 53 S.E. 477; *Bank v. Hall,* 201 N.C. 789, 161 S.E. 483.

Therefore it is seen, by mathematical calculation, that the monthly installments due from the date of the deed of trust to the building and loan association, 10 July, 1941, to the date of the separation between plaintiff and defendant, 8 March, 1946, at $51.00 per month, amounts to more than one-half of the whole purchase price of the property in question. Assuming that the amount of the monthly installments included payments on principal and interest, it is inconceivable that the amount of the payments on the principal would be less than one-half of the amount of the debt of $3,500.00. Since the defendant says in her testimony that those installment payments were made from rents received from the property, it affirmatively appears that plaintiff, in legal effect, has paid at least one-half of the purchase price of the property in question. Hence, no issue of fact in this respect remained to be submitted to the jury. No error, therefore, is made to appear in the ruling of the court on the motion of defendant for judgment as of nonsuit.

Defendant also assigns as error the refusal of the court to submit this issue:

"Did the plaintiff pay or furnish the purchase price or a portion of the purchase price with the agreement before the execution of the deed that the lot of land should be purchased and title taken jointly in the name of the plaintiff and the defendant?"

In the light of what is said above in respect to the evidence as to payment of the installments on the indebtedness incurred for balance of the purchase price, the first part of the issue is immaterial, and the latter part is expressly covered by the issue submitted. Hence, error is not made to appear.

Defendant also assigns as error several portions of the charge. However, when the charge is considered contextually in light of the evidence presented, no prejudicial error is shown.

Defendant has expressly abandoned numerous exceptions, and as to some others, no reason or argument being stated or authorities cited in support of them, they are, for that cause, taken as abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 221 N.C. 544, at p. 563.

After consideration of all assignments of error, we find no just cause to disturb the judgment from which appeal is taken.

No error.