LEWIS B. UNDERWOOD v. B. M. OTWELL AND WIFE, MARY BELL OTWELL, AND DAUGHTER, LUCILLE LILLIAN OTWELL UNDERWOOD.

(Filed 1 March, 1967.)

**1. Mortgages and Deeds of Trust § 24—**

The holder of a note secured by a deed of trust may sue the makers *in personam* for the debt, and may sue *in rem* to subject the mortgaged property to the payment of the note, and may combine the two remedies in one civil action, G.S. 1-123, but in the action for foreclosure the trustee in the deed of trust is a necessary and indispensable party.

**2. Same; Parties § 3—**

Where a note secured by a deed of trust is payable to joint payees, they must join as parties in an action on the note and to foreclose the deed of trust, and when one of them refuses to join as a plaintiff, such payee is properly joined as a defendant. G.S. 1-70.

**3. Husband and Wife § 5; Reformation of Instruments § 4; Trusts §§ 13, 16—**

Where the husband alone furnishes consideration for which the borrower executes a note and deed of trust, but has the note made payable to himself and wife, there is a presumption of a gift to her of one-half of the note, and in his suit on the note his allegation merely that she had no interest in the note, without allegation of facts which would rebut the presumption, states no cause of action for a resulting trust, nor, in the absence of allegation of mistake, does his complaint state a cause of action for reformation.

**4. Process § 5.1; Trover and Conversion § 2—**

In an action on a note by one of the payees against the makers and against the other payee refusing to join as plaintiff, prayer that defendant payee be required to bring into court the note and deed of trust securing same, with announcement that plaintiff would apply for a subpœna *duces tecum* to this end, does not state a cause of action against the defendant payee for possession of the note and deed of trust.

**5. Bills and Notes § 16; Mortgages and Deeds of Trust § 24— Complaint held to state a single cause of action to recover on note and demurrer for misjoinder of parties and causes should have been overruled.**

One of the payees of a note brought this action against the makers and against the joint payee who refused to join as plaintiff, and alleged that

the note was in default and sought to recover judgment on the note and the appointment of a commissioner to foreclose the deed of trust. The allegations were insufficient to state a cause of action for reformation or against defendant payee for a resulting trust or for possession of the note. *Held:* Demurrer for misjoinder of parties and causes should have been overruled, the complaint being sufficient to allege but a single cause of action to recover on the note, but the allegations constituting the basis of the action to foreclose the instrument should be stricken unless plaintiff amends to make the trustee a party.

APPEAL by plaintiff from *Latham, S.J.,* July 1966 Civil Session of RANDOLPH, docketed and argued as Case No. 621 at the Fall Term 1966.

Action on a note secured by a deed of trust.

The complaint alleges the following: On April 17, 1959, plaintiff lent to defendant B. M. Otwell and wife, defendant Mary Bell Otwell (the parents of defendant Lucille Otwell Underwood, who was then plaintiff's wife), the sum of $1,250.00 upon a note, which was due and payable five years after date. The money lent was plaintiff's; his wife furnished none of it. The note is secured by a deed of trust on two tracts of land to Hugh R. Anderson, trustee. Both instruments were made payable to plaintiff and his wife, defendant Underwood; the latter took possession of the note and deed of trust for safekeeping and still retains them. Plaintiff and defendant Underwood were divorced on June 12, 1964.

Shortly after the note became due, plaintiff demanded payments from defendants Otwell, but no part of the principal or interest has been paid. After his demands for payment were refused, plaintiff requested the trustee to foreclose the deed of trust. The trustee advertised the property therein described for sale but refused to sell it after defendant Underwood falsely told him that the note had been paid. She has no interest in the note, which she seeks to prevent plaintiff from enforcing against her parents, defendants Otwell.

Plaintiff prays (1) that he recover judgment for $1,250.00, with interest from April 17, 1959, against defendants Otwell; (2) that defendant Underwood be required to bring into court the note and deed of trust; and (3) that the court appoint a commissioner to foreclose the deed of trust and apply the proceeds of the sale to the judgment.

Defendants demurred to the complaint for a misjoinder of parties and causes for that (1) there is a misjoinder of causes of action in that plaintiff has attempted to join actions for recovery on a note, reformation of an instrument, foreclosure of a deed of trust, and claim and delivery of an instrument; (2) there is a misjoinder of parties in that (a) the action on the note does not affect defendant Underwood, and (b) the actions to reform the note and deed of

trust and to secure their possession do not affect defendants Otwell; and (3) Hugh R. Anderson, trustee, is not a party to the action.

On August 1, 1966, Judge Latham signed a judgment sustaining the demurrer for a misjoinder of parties and causes of action, but he did not dismiss the action. From this judgment, plaintiff gave notice of appeal. The appeal entries, signed on August 2, 1966, contain this additional sparse information: "The plaintiff objects and excepts to the refusal of the Court to permit him to amend his complaint within the statutory time after sustaining the defendant's demurrer. . . ."

*Ottway Burton and John Randolph Ingram for plaintiff.*
*L. T. Hammond, Sr., for defendants.*

SHARP, J. In his complaint, plaintiff has stated a cause of action for a judgment on the note which defendants Otwell executed to him and to defendant Underwood, and he has *attempted* to state a cause for the foreclosure of the deed of trust securing the note. "A creditor whose debt is secured by way of mortgage or trust has two remedies — one *in personam,* for his debt; the other *in rem,* to subject the mortgaged property to its payment; and a resort to one is no waiver of the other." *Silvey v. Axley,* 118 N.C. 959, 963, 23 S.E. 933, 934. The creditor may combine the two remedies in one civil action. G.S. 1-123; *Credle v. Ayers,* 126 N.C. 11, 35 S.E. 128; 1 McIntosh, North Carolina Practice and Procedure § 1166 (2d Ed. 1956). In the present state of the pleadings, however, plaintiff may not have foreclosure of the deed of trust in this action, because he has not made the trustee a party. His allegations with reference to the refusal of the trustee to act and his prayer that a commissioner be substituted for the trustee are surplusage. This Court has frequently held that the mortgagee or trustee in a deed of trust is a necessary and indispensable party to an action for foreclosure. *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449; *Alexander v. Bank,* 201 N.C. 449, 160 S.E. 460. See *Lumber Co. v. Pamlico County,* 250 N.C. 681, 684, 110 S.E. 2d 278, 280. A decree of foreclosure entered in an action to which the trustee is not a party is void. *Grady v. Parker, supra.* See also *Bank v. Thomas,* 204 N.C. 599, 169 S.E. 189.

Defendant Underwood is a necessary party to this action, because she is one of the two joint payees in the note upon which plaintiff sues. In such case the rule is as stated in *Fishell v. Evans,* 193 N.C. 660, 662, 137 S.E. 865, 866: "Neither of them can, therefore, recover on said note in an action in which he or she alone is plaintiff. 'Where a bill or note is made payable to several persons, or is endorsed or assigned to several, they are joint holders and must

sue jointly as such.' 8 C.J., 846." *Accord, Sneed v. Mitchell,* 2 N.C. 292. See also *Bank v. Thomas, supra.*

Accepting the truth of the factual averments in the complaint, as we do in passing upon a demurrer, 3 Strong, N. C. Index, Pleadings § 12 (1960), it is patent that Lucille Otwell Underwood would not consent to be joined as a plaintiff. Plaintiff, therefore, had no choice other than to make her a party-defendant. The case which plaintiff has alleged illustrates the necessity for G.S. 1-70, which says, in part: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

Although plaintiff has alleged that defendant Underwood has no interest in the note in which she is a joint payee, he has not attempted to allege a cause of action for reformation of the note and deed of trust securing it. He has alleged no mistake of the parties or of the draftsman who prepared the papers, and he does not seek to correct or to reform them. It is established law in this State that when a husband purchases land and causes it to be conveyed to his wife, the law presumes that the land is a gift to the wife, and no resulting trust arises. *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302; *Williams v. Williams,* 231 N.C. 33, 56 S.E. 2d 20; *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48; *Pitt v. Speight,* 222 N.C. 585, 24 S.E. 2d 350; *Carter v. Oxendine,* 193 N.C. 478, 137 S.E. 424; 26 Am. Jur., Husband and Wife §§ 100-101 (1940). Similarly, a gift is presumed when the husband pays for personalty and procures title either in the wife's name or in their joint names. In *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543, the husband purchased an automobile and registered the title in the name of his wife. This Court said: "The wife was the owner. It is presumed that the husband intended the automobile as a gift to her." *Id.* at 725, 112 S.E. 2d at 548. See 41 C.J.S., Husband and Wife § 150, p. 623 (1944). In *Abegg v. Hirst,* 144 Iowa 196, 122 N.W. 838, 138 Am. St. Rep. 285, a husband who purchased a note and mortgage had it assigned to himself and to his wife. He was held to have given a one-half interest in the note and mortgage to his wife even though he retained possession of the instrument and she knew nothing of the transaction. *Accord, In Re Loesch's Estate,* 322 Pa. 105, 185 Atl. 191.

Plaintiff has alleged no facts which would rebut the presumption of a gift of a one-half interest in the note in suit to his wife. *Perkins v. Perkins,* 249 N.C. 152, 105 S.E. 2d 663; 4 Strong, N. C. Index, Trusts § 16 (1961). Neither has plaintiff stated a cause of action against defendant Underwood for the possession of the note.

His superfluous announcement, by way of the prayer for relief, that he intended to apply to the court for a subpœna *duces tecum* requiring defendant Underwood to bring the note and deed of trust to the trial does not state a cause of action for possession of the instruments. "One tenant in common, or joint owner of personal property, cannot maintain an action against the other tenant or owner to recover the exclusive possession of the property." *Thompson v. Silverthorne*, 142 N.C. 12, 13, 54 S.E. 782. His remedy is partition. *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d 912; *Dubose v. Harpe*, 239 N.C. 672, 80 S.E. 2d 454.

We do not commend plaintiff's complaint as a model pleading — on the contrary. Yet, we are constrained to hold that it does not contain a misjoinder of parties and causes of action. If he intended to state and combine causes which would have resulted in a misjoinder, he failed. The complaint alleges a single cause of action against defendants Otwell, one to collect the debt evidenced by their note, and it explains why it is necessary to make Lucille Otwell Underwood a party-defendant. G.S. 1-70.

The record does not disclose in what respects plaintiff asked to be allowed to amend his complaint after the judge sustained defendants' demurrer. Apparently, he merely made an oral motion "to amend." If plaintiff desires to amend in order to make the trustee a party and to allege a cause of action for the foreclosure of the deed of trust securing the note, as provided by G.S. 1-123, he is at liberty to do so. In the absence of a motion to amend the complaint by making the trustee a party to the action, the court should strike from the pleadings all references to the deed of trust. The allegations of the complaint do not suggest that the trustee would refuse to act if it be established that defendants Otwell have not paid the note which it secures.

The judgment sustaining the demurrer is
Reversed.