MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAINTIFFS-APPELLEES v. ALL STAR MILLS, INC., LOWDER FARMS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., CONSOLIDATED INDUSTRIES, INC. AND HORACE LOWDER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTEREE, DAVID P. LOWDER, JUDITH R. LOWDER, R. LOWDER HARRELL, EMILY P. LOWDER, CORNELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 9020SC1109

(Filed 16 July 1991)

1. **Receivers § 11 (NCI3d) — corporate receivership — claims against assets — accounting**

   The trial court properly entered an order dismissing claims against a corporation in receivership if an accounting was not provided within thirty days where plaintiffs filed this action in 1979; the corporate defendants were placed in receivership and an accounting was ordered from defendant Horace Lowder; Horace Lowder submitted a schedule of assets which the court found did not comply with its order; Horace Lowder was found in the derivative action in 1983 to have illegally issued stock to himself; Judge McKinnon expressly provided for an accounting by Horace Lowder in his judgment on January 26, 1984; the remaining issues were heard in a bench trial before Judge McKinnon for which judgment was entered on 30 April 1984; Judge Seay denied Horace and Jeanne Lowder's claim upon the receiver for personal property in 1985 because of the failure to provide a comprehensive accounting; Horace and Jeanne Lowder filed claims in 1986 in response to Judge Seay's requirement that all creditors of the receivership file their claims; and Judge Seay found in 1990, among other things, that the two could not prove their claims in the absence of an accounting. Although Horace Lowder contended that Judge McKinnon's 1984 judgments were a final adjudication of the issue of an accounting, Judge Seay's 1979 order for an accounting is still operative, has never been superseded and has yet to be satisfied.

   **Am Jur 2d, Receivers §§ 218, 345.**

2. **Receivers § 11 (NCI3d)— corporation—receivership—joint claims**

The trial court was justified in denying all claims Jeanne Lowder made with her husband against a receivership until an accounting is made in compliance with a court order. A claimant in the liquidation of a corporation has the burden of proving her claims pursuant to N.C.G.S. § 1-507.6, and a defense against the claims of a party count as a defense to the joint claims of a spouse.

**Am Jur 2d, Receivers § 337.**

3. **Receivers § 11 (NCI3d)— corporation—derivative action—receivership—claimant not a necessary party**

Jeanne Lowder's claims against a corporation in receivership arose from and depended on the role of her husband as an officer of the corporation and she is subject to the court's authority over the receivership even if she is not a necessary party to the derivative action. North Carolina law places on Horace Lowder the burden of proving that he was not unjustly enriched by his dealing with the corporation, and he should not be allowed to evade that burden by shifting the claim on the corporation to his wife. N.C.G.S. § 55-30(b)(3).

**Am Jur 2d, Receivers §§ 254, 255.**

APPEAL by claimant from a judgment entered by *Judge Thomas W. Seay, Jr.*, in STANLY County Superior Court on 9 July 1990. Heard in the Court of Appeals 14 May 1991.

*Moore & Van Allen, by Jeffrey J. Davis and James P. McLoughlin, Jr., for plaintiffs-appellees.*

*Everett, Gaskins, Hancock & Stevens, by E.D. Gaskins, Jr., Jeffrey B. Parsons and Katherine A. O'Connor, for claimant-appellant.*

LEWIS, Judge.

[1] Plaintiffs filed this action against Horace Lowder and the corporate defendants on 11 January 1979. On 9 February 1979, Judge Seay, presiding in Superior Court for Stanly County, granted plaintiffs' motion for a preliminary injunction and appointed receivers over the corporate defendants. The Court ordered Horace Lowder

to "account to the receivers for all assets of the corporate defendants . . . and for all of his personal assets so that a determination could be made of whether a constructive trust should be imposed." Horace Lowder subsequently submitted a schedule of assets which the Superior Court found did not comply with the order because it listed no values and virtually no personal property.

In the derivative action, which was tried before a jury in December of 1983, Horace Lowder was found to have illegally issued stock to himself. In his judgment on 26 January 1984, Judge McKinnon expressly provided for an accounting by Horace Lowder, stating that ". . . this judgment or any execution thereon, shall be delayed until the completion of the accounting required by Horace Lowder." The remaining issues were heard in a bench trial before Judge McKinnon for which judgment was entered 30 April 1984.

On 23 August 1985 Judge Seay denied Horace and Jeanne Lowder's claim upon the receiver for personal property because of Horace Lowder's failure to provide a comprehensive accounting. On 6 June 1986 Judge Seay required all creditors of the receivership to file their claims by 31 July 1986. Horace and Jeanne Lowder filed claims totalling $1,943,753.76 plus accrued interest. All but two of the claims filed by Jeanne Lowder are: 1) joint claims filed with her husband, or 2) claims that ask for one half of a sum owed her husband individually.

In the 9 July 1990 order from which this appeal is made, Judge Seay found that the transaction which gave rise to the claims of Horace and Jeanne Lowder was unfair to the corporation and hence without merit. He ruled that the claims of Jeanne Lowder could not be severed from those of her husband, that under North Carolina law both claimants bear the burden of proving the fairness of their dealings with the corporations, and that in the absence of an accounting the two cannot prove their claims, warranting dismissal of the claims pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure.

Appellant argues that Judge McKinnon's 1984 judgments are a final adjudication on the issue of an accounting and thus preclude Judge Seay from ordering or conditioning any claims on an accounting. We find appellant's argument to be without merit. On review of the record as a whole, we find that the accounting ordered by Judge Seay in his preliminary injunction was incorporated by reference into orders issued by Judge McKinnon at the conclusion

of both the 1984 trials. We note that in his order of 26 January 1984, Judge McKinnon conditioned execution of the judgment on the completion of "the accounting required of Horace Lowder." Judge McKinnon's language indicates that the order for an accounting was still operative at the conclusion of those trials. This judgment was affirmed on appeal. *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E.2d 649 (1985). Where Horace Lowder engaged in transactions which were not approved by the corporate defendants or shareholders, the burden is on him to prove that the transactions were just and reasonable. N.C.G.S. § 55-30(b)(3) (1955).

Subsequently, in response to claims of Jeanne and Horace Lowder made on the receivership in 1985, Judge Seay ordered the receivers to retain personal property claimed by the Lowders "until there has been a comprehensive accounting by W. Horace Lowder to the defendant corporations." This order is consistent with N.C.G.S. § 1-507.6, requiring claimants to a receivership to prove their claims. Judge Seay's 1979 order for an accounting is still operative, has never been superseded and has yet to be satisfied.

[2] Jeanne Lowder also argues that the trial court erred in conditioning her claims on Horace Lowder's accounting. A claimant in the liquidation of a corporation has the burden of proving her claims pursuant to N.C.G.S. § 1-507.6. With respect to those claims based on joint ownership, a defense against the claims of a party count as a defense to the joint claims of a spouse. *Underwood v. Otwell*, 269 N.C. 571, 573-74, 153 S.E.2d 40, 42-43 (1967). The trial court was therefore justified in denying all the claims Jeanne Lowder made jointly with Horace Lowder until an accounting is made to comply with the court order.

[3] With regard to the remainder of the claims, Jeanne Lowder's claims arise from and depend on the role of her husband as officer of the corporation. To regard her claims otherwise would be to enable officers of a corporation to defraud their companies and avoid any accounting or detection by acting through their spouses and then allowing a spouse to assert claims. *See* Fletcher's Cyclopedia of Law of Corporations, § 946 (Perm.Ed.) (1990). *See Barber v. Kolowich*, 283 Mich. 97, 277 N.W. 189 (1938). North Carolina law places on Horace Lowder the burden of proving that he was not unjustly enriched by his dealing with the corporation. N.C.G.S. § 55-30(b)(3). He should not be allowed to evade this burden by

shifting the claim on the corporation to his wife. To hold otherwise would be, in the words of Judge Seay, "to eviscerate the North Carolina laws protecting stockholders from the fraud of their corporation officers or directors," in that every officer would be allowed to profit from his or her fraud by making the check payable to a spouse instead of himself. As a claimant on the receivership, Jeanne Lowder bears the burden of proving her claim and as such is subject to all valid defenses. N.C.G.S. § 1-507.6. Accordingly, she is subject to the court's authority over the receivership even if she is not a necessary party to the derivative action.

The trial court found that Horace Lowder's failure to account has made it impossible for the receivers to defend against the claims of Horace and Jeanne Lowder. The trial court is therefore authorized, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, to dismiss the claims of Horace and Jeanne Lowder on their receivership in the event that Horace Lowder fails to provide an accounting within thirty days of the effective date of the order of the trial court. *See Ramil v. Keller,* 68 Haw. 608, 726 P.2d 254 (1986) (in which the Supreme Court of Hawaii affirmed a trial court's invoking of Rule 41(b) in entering judgment against a defendant who failed to account). The trial court's order is, therefore,

Affirmed.

Judges EAGLES and GREENE concur.