D. F. WOOTEN v. JOHN L. BORDEN ET AL.

(Filed 22 March, 1911.)

**Mortgagor and Mortgagee—Contracts—Private Sale—Purchaser—Purchase Price.**

One who purchases land at a certain price, on which there was a mortgage, at a private sale from the mortgagee, who cancels his mortgage and thus gives a clear title to the land, is required to pay the price agreed upon without reference to any agreement between the mortgagor and mortgagee as to what part of the difference between the amount of the mortgage and the purchase

price each was to receive; and the fact in this case, that the mortgagee, who negotiated the sale, received $200 more than his mortgage debt, has no bearing upon the matter.

APPEAL by plaintiff from *Justice, J.,* at January Special Term, 1911, of LENOIR.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*J. R. Wooten and Rouse & Land for plaintiff.*
*Loftin, Varser & Dawson for defendants.*

CLARK, C. J.  The plaintiff testified that there was an agreement between George Carter and the plaintiff by which Carter had authorized the plaintiff to sell the land at a price by which he, Carter, would get $750, and pay off a judgment on the land for $125, and that he (Wooten) could keep the balance, $2,250; that thus authorized, he contracted with the defendant to sell him the land at $3,125; that he made out the deed for the land, reciting that consideration, and talked the matter over with Borden and Carter; that at that interview Carter insisted on and obtained some further concessions as to the rent for that year (which is not material here), and thereupon Carter executed the deed and it was delivered to the defendant; that thereupon the defendant gave a check for the $125 judgment and $750 check to George Carter, but learning that the plaintiff's mortgage upon the land amounted to only $2,049, gave him a check only for that amount instead of the 2,250 which by virtue of the agreement with Carter the plaintiff was to receive.  The plaintiff now claims the difference between the said $2,049 and $2,250, with interest thereon.

Upon this evidence his Honor directed a nonsuit to be entered.  In this there was error.  The evidence must be taken most strongly in favor of the plaintiff.  According to that evidence, the money consideration to be paid by the defendant was $3,125.  The plaintiff was the active party in making the sale.  As the deed was duly executed by Carter and delivered with the cancellation of the mortgage, it was incumbent upon the defendant to pay over the entire $3,125.  It was no concern

of the defendant how Carter and the plaintiff should divide the proceeds between them. As between Carter and the plaintiff, the mortgage due the plaintiff was only $2,049, but according to plaintiff's evidence, which upon this motion must be taken as true, Carter agreed that the plaintiff should have $2,250 out of the proceeds of the sale. It is probable that the $201 above the amount of the mortgage was allowed the plaintiff by Carter for his services in making the sale. But however that may be, the testimony of the plaintiff is that Carter agreed that the plaintiff should have $2,250 and that he himself would be content with $750. The plaintiff testifies that he told the defendant that he was to have $2,250 out of the transaction under his agreement with Carter. The distribution of the purchase money was a matter between Carter and the plaintiff which in no wise concerns the defendant, who does not deny that he agreed to pay $3,125 for the land, of which $201 is still unpaid.

When the case goes back, the defendant, out of abundant caution, can, if he desires, have George Carter made a party to the action.

The judgment of nonsuit must be set aside.

New trial.