MRS. HELEN COLT RAMSEY, FRANCIS RUSSELL COLT, J. SHERMAN RAMSEY, JR., MRS. FANNIE RUSSELL COLT, MRS. HELEN COLT RAMSEY, EXECUTRIX, AND J. SHERMAN RAMSEY, JR., EXECUTOR, v. MRS. MARION NEBEL AND HUSBAND, WILLIAM NEBEL.

(Filed 16 October, 1946.)

**1. Appeal and Error § 6c (1)—**

An exception to the "several rulings of the court as appear in the judgment signed by the court, and to the signing thereof" is a "broadside" exception as to all matters except the signing of the judgment, and properly presents for review only whether the judgment is supported by the facts found.

**2. Reference § 10—**

Upon appeal in a consent reference the Superior Court has the power to confirm the findings of the referee in whole or in part,·to set aside the findings in whole or in part and substitute other findings supported by the evidence. G. S., 1-194.

**3. Ejectment § 12: Estoppel § 6c—**

　　Where the owner of a lot encroaches upon a strip of the adjacent lot and builds structures located partly thereon, the owner of the adjacent lot is not estopped by his silence and failure to object from ·asserting his title thereto in an action in ejectment, and does not lose his title thereto until such adverse user has continued for the twenty years necessary to ripen title by adverse possession, G. S., 1-40, the user not being under color of title.

APPEAL by defendants from *Phillips, J.,* at April, 1946, Term of WATAUGA.

This is a suit in ejectment between the owners of adjoining lots in the town of Blowing Rock. They derive their respective titles from a common source, and the controversy concerns a small strip of land along the common dividing line.

The complaint sets up, by metes and ·bounds, a description of the land claimed by plaintiffs, with the allegation that defendants are in the wrongful possession of a part thereof and have trespassed thereupon by structure of buildings and cutting therefrom valuable trees. The defendants answer, denying that they are in possession of, or have trespassed upon, any land belonging to plaintiffs, describing the land which they claim by metes and bounds; and allege that they have been in "peaceable, continuous, open, notorious and adverse possession" of the land under color of title for more than seven years next prior to the commencement of the action and plead the seven-year statute, G. S., 1-38, in bar of recovery. They also allege that they and those under whom they claim have been in "peaceable, notorious, continuous and adverse possession of said lands under color of title for a period of more than twenty years next prior to the commencement of this action, which said statute of limitation is specifically pleaded in bar." G. S., 1-40.

They further allege that during the time defendants were building on the strip of land in controversy, the plaintiffs well knew it and did nothing to put defendants on notice that the structure "should not be built where it was being built" and that as a matter of law, plaintiffs are therefore estopped to claim title to the land so occupied.

There was an order of survey, which was made, and maps were filed.

At April Term, 1945, by consent of parties, an order was made referring the controversy to Honorable Charles H. Hughes, Attorney at Law, who duly heard the matter upon evidence and argument, and made and reported his findings of fact and conclusions of law.

*Inter alia,* plaintiffs' evidence tended to show that the encroachment by defendants on the land in controversy was deliberate and with full knowledge of plaintiffs' title. Testimony by the defendant Nebel was in contradiction of plaintiffs' testimony. In view of the conclusions reached in the decision, that evidence is not set out here in detail.

More particularly bearing upon the decision, the referee found as fact that the deed under which the defendants claim did not cover the disputed strip as designated in the court map, but that the true location of the dividing line was as claimed by plaintiffs. Within his finding of fact, there is stated that the first occupancy or work of any kind done on the disputed strip was subsequent to the purchase of the companion lot by Nebel Knitting Co., predecessor of defendants in title, in 1933; as to which fact there is now no dispute. The referee, however, found as a fact that the occupancy and possession of the strip in controversy by the defendants was in good faith and without the protest of plaintiffs "until the new cottage was completed" and that the defendants were, therefore, the legal owners of the land.

In his conclusions of law, the referee points out that defendants had been in the actual and open adverse possession of the lands in dispute since the latter part of the year 1933, erecting stone walls thereupon, and a garage building, and maintaining a chicken lot, a flower garden and lawn, "without any protest or objections on the part of plaintiffs, and in 1941 and 1942 erected a cottage, a part of which was on the land in dispute"; and concludes that "by reason of such conduct the plaintiffs are now estopped to deny the right and title of defendants to the land in dispute"; and concludes that the defendants are the rightful holders of the title.

Upon the filing of this report, the plaintiffs filed specific exceptions to the findings of fact other than those fixing the true dividing line between the litigants as contended for by plaintiffs and other matters, including the date of the Nebel occupancy; but including in such exceptions the finding that the Nebel occupancy was in good faith; and also excepted to the conclusion of law that plaintiffs were now estopped to deny the defendants' title to the land now in dispute and the conclusion that the title was now in the defendants. The defendants filed no exceptions, but made a motion to confirm the report as it stood, which motion was denied, and the defendants excepted.

Passing upon this report and exceptions thereto at April Term, 1946, of Watauga Superior Court, and after hearing argument and consideration of the evidence and findings of fact and conclusions of law, the court set aside the findings of fact and conclusions of law relating to the good faith of defendants, sustained all the exceptions to the findings of fact and conclusions of law in the referee's report, and made his own findings of fact and conclusions of law with respect to the exceptive matter; *inter alia,* finding that the encroachment upon the land in controversy was deliberate and not in good faith; and concluded that the plaintiffs were the owners and entitled to the immediate possession of the lands. The report was confirmed as thus modified, and judgment was entered accordingly.

The defendants appealed, assigning as error the following: (1) The refusal of their motion for judgment confirming the referee's report; and (2) the several rulings of the court as appear in the judgment signed by the court and to the signing thereof.

*Trivette & Holshouser for plaintiffs, appellees.*
*Louis H. Smith and Wade E. Brown for defendants, appellants.*

SEAWELL, J.  It is questionable whether the broadside nature of defendants' exception to the "rulings of the court as appears in the judgment signed by the court, and the signing thereof," even as somewhat expanded in the assignment of error, serves to bring before us, on this review, more than the form of the judgment to which objection is made. The exceptions do not point out any specific defect in the "rulings" or findings which might engage special attention of this Court—whether not supported by evidence, or in some particular beyond the power of the court, or otherwise legally objectionable.  But treating the exceptions with the greatest liberality in this respect, we do not find them meritorious.  Findings of fact by the referee to which no exception was made by defendants, and which were confirmed by the judge without alteration or substitution, including the location of the true line, want of coverage of the lands by defendants' deed, the date which the first occupancy by defendants began, array the deciding factors against the defendants and are sufficient to support the conclusions of law made by the court upon review.  Whether material to this decision or otherwise, other findings of fact, differing from those found by the referee, were not without evidence to support them.  In reviewing the referee's report, the judge acted within the scope of his powers under the statute, and within the rules laid down for its observance.  G. S., 1-194; *Williamson v. Spivey,* 224 N. C., 311, 30 S. E. (2d), 46; *Thigpen v. Trust Co.,* 203 N. C., 291, 293, 165 S. E., 714; *Trust Co. v. Lentz,* 196 N. C., 398, 406, 145 S. E., 787; *Thompson v. Smith,* 156 N. C., 345, 347, 72 S. E., 379.

The main contention of the appellants, as developed here, is that the conduct of plaintiffs in not warning them that they were building on plaintiffs' land, or otherwise trespassing upon it, although plaintiffs had actual knowledge and frequent observation of defendants' operations, now estop plaintiffs from asserting their claim, or denying title in defendants to the lands.

Whatever may have been plaintiffs' moral or legal duty in the matter—and we do not imply that there was any—its infraction could not result in the loss to plaintiffs of their land.  *Carolina R. R. Co. v. McCaskill,* 94 N. C., 746; *Boddie v. Bond,* 154 N. C., 359, 70 S. E., 730; *Holmes v. Crowell,* 73 N. C., 613; *Exum v. Cogdell,* 74 N. C., 139; *Mason v. Williams,* 66 N. C., 564; *Melvin v. Bullard,* 82 N. C., 33.  It is to be

observed that although plaintiffs' deed was not at the time on record, the defendants might have assured themselves of proper respect for their neighbors' boundary by a survey of their own deed.

The statutes fix the time within which the owner of the true title must take action against those committing acts implying a claim of ownership, either under color of title or by adverse possession—G. S., 1-38, G. S., 1-40—and this cannot be abridged on the theory advanced by the appellants.

It having been found on competent evidence that the disputed strip is on plaintiffs' side of the dividing line and without any color of title thereto by the defendants, and that defendants have not occupied the same or committed other acts adverse to plaintiffs' possession prior to 1933, whereas perfection of title by adverse possession takes at least twenty years, and since it is admitted the parties hold under a common title, the judgment of the court was proper and will be sustained.

Other exceptions are without merit.

We find no error, and the judgment is

Affirmed.