BESSIE ABBOTT TERRELL v. JOSEPH THEODORE TERRELL.

(Filed 24 July, 1967.)

1. Reference § 10—

The Superior Court upon review of exceptions to the referee's findings of fact must review the evidence, determine the credibility of the witnesses and form its own judgment as to the facts and the law, and therefore where the evidence in regard to a particular finding is conflicting and sufficient to support contrary findings, the court may set aside the referee's finding and substitute a contrary finding of its own supported by the evidence.

2. Partnership § 3; Husband and Wife § 14— Evidence held to support finding that realty was held by parties as tenants by the entirety and not as tenants in partnership.

The wife testified that she and her husband operated a partnership business, and her evidence was to the effect that the real estate held by herself and husband was purchased with partnership funds solely for the operation of the partnership business. The wife introduced a written partnership agreement stipulating that husband and wife were partners in the business and each owned one-half of the assets. The husband testified to the effect that there was no partnership agreement prior to the execution of the written instrument and that he signed the written in-

strument because she tricked him by stating that if he did so she would come back and live with him. The documentary evidence tended to show that the land was conveyed to the husband and wife prior to the execution of the partnership agreement. *Held:* On appeal upon exception to the referee's finding of facts the court had authority to set aside the referee's finding that the real estate was held by the husband and wife as partner ship property and had authority to substitute a finding that the real estate was held by the husband and wife as tenants by the entirety.

**3. Evidence § 27;  Husband and Wife § 14—**

The rule that a written instrument may not be contradicted or varied by parol applies to the nature and quality of an estate conveyed by deed and in the absence of anything to prevent the application of this rule, a deed to husband and wife, nothing else appearing, vests title in them as tenants in the entirety, and a different estate may not be established by parol.

**4. Husband and Wife § 15;  Partnership § 9—**

In the wife's action for dissolution of a partnership existing between herself and husband and for an accounting of the partnership assets, the wife is not entitled to one-half of the rental value of real estate used in the operation of the partnership when such real estate is held by the parties as tenants by the entirety, since the husband alone is entitled to the rents and profits to the exclusion of the wife.

APPEAL by plaintiff from *Cowper, J.,* September 1966 Assigned Non-Jury Session of WAKE.

Civil action for the appointment of a receiver of the partnership business and for an accounting between the parties.

Plaintiff and defendant are husband and wife. Plaintiff in her complaint alleges in substance as follows: She and defendant have been partners trading and doing business under the firm name and style of Terrell's Grocery on N. C. Highway #54 in the town of Cary, Wake County. Attached to the complaint is an agreement between her and her husband entered into on 18 March 1965, and made a part of the complaint, which states in substance that she and her husband agree to and with each other as follows: (1) They own as partners that business in the town of Cary known as Terrell's Grocery; and (2) they each own in said business one-half of the assets of said business and are each entitled to one-half of the income therefrom, and that each shall have equal rights as partners in the management and operation of the partnership business. The defendant has usurped complete control and possession of the entire business of the partnership and refuses to account to plaintiff for any share of the profits, and defendant is appropriating all earnings to his own use, and benefit. Defendant is wasting and dissipating the assets of the partnership to the detriment of plaintiff, and has repeatedly threatened to destroy said business in its entirety rather

TERRELL *v.* TERRELL.

than account to this plaintiff for her just share of the earnings and profits. Plaintiff is entitled to a dissolution of the partnership, and plaintiff knows of her own knowledge that the partnership business is highly profitable and that for many years it has earned a large net income which should have been available to the owning parties in equal shares in excess of $500 per month. Plaintiff has no income or means of livelihood except the interest in said partnership business and the income therefrom.

Defendant filed no answer to the complaint and on 19 July 1965 Bailey, Judge Presiding, entered a judgment by default and inquiry adjudicating, among other things, as follows: (1) That plaintiff is entitled to a partnership accounting, and that she have and recover judgment against the defendant for such sum as she may be entitled to receive upon a full accounting between the partners owning and operating Terrell's Grocery; (2) that all the issues, both of fact and of law, incident to the taking of a full accounting for the profits of said partnership and all the assets of said partnership be referred to the Honorable Basil L. Sherrill, who will hear the evidence of both plaintiff and defendant and report his findings of fact and conclusions of law to this court in the manner prescribed by law not later than 1 September 1965.

On 27 April 1965, Carr, Judge Presiding, entered an order appointing Gilbert L. Winfree receiver of Terrell's Grocery operated and owned by plaintiff and defendant as partners. On 28 May 1965, Carr, Judge Presiding, entered an order appointing Gilbert L. Winfree permanent receiver; and restraining all persons, firms, and corporations from interfering in any manner with the property or assets of said Terrell's Grocery, or with the receiver in the exercise of his duties.

Basil L. Sherrill, referee, filed his report as referee on 27 July 1966 in the office of the clerk of the Superior Court of Wake County. In his report he recites that both parties were present and introduced evidence, and that documentary evidence was also introduced. The referee made the following findings of fact:

"1.   That a partnership between the parties hereto is in existence has been found as a fact by the Honorable Leo Carr, Judge of the Superior Court, and that question is not before the Referee.

"2.   By stipulation and agreement the period for which an accounting is to be had begins with the date of December 1, 1963.

"3.   That title to the land and buildings comprising the business of Terrell's Grocery, in Cary, North Carolina, on Highway

N. C. #54, is in the name of Joseph Theodore Terrell and Bessie Abbott Terrell.

"4.   That the land and buildings used in connection with the partnership was purchased in or about 1954 or 1955 with funds derived from sale of other partnership property and from the proceeds of profits derived from the partnership.

"5   That the evidence regarding earnings of the partnership were inadequate, and that no evidence of earnings for the year 1965 have been placed in evidence before the Referee. That income tax returns for the years 1962, 1963, and 1964 for Joseph T. Terrell show net income of $3,427.09, $2,399.63, and $2,386.30, respectively, and this income is reported as derived entirely from operation of Terrell's Grocery. No partnership tax returns were ever filed.

"Sales tax returns in each year are consistent with income tax returns, and show gross sales for 1962, 1963, and 1964 of $124,620.38, $134,403.12, $130,048.77, respectively.

"That an examination of bank statements and cancelled checks offered into evidence show nothing concerning income, due to the fact that the total of all checks paid for stock of goods is about one-half of the gross sales shown on the sales tax returns. Total of deposits in the bank do not equal one-half of reported sales in months selected for examination. The ledger book record of receipts is consistent with sales tax receipts, notwithstanding the absence of deposits in the bank.

"6.   That no records were kept of the amount of groceries or gasoline used for personal consumption, and that no salaries were taken by anyone during the operation of the partnership.

"7.   That since July 2, 1965, the date on which the Court approved a sale of the business by a receiver, only the land and building used in the partnership must be accounted for in a partnership accounting.

"8.   Most of the evidence at the March 4, 1966 Referee's Hearings concerned payments to the plaintiff by the defendant, either directly or indirectly for her benefit. There is no evidence that any of such payments were intended in any manner to be any part of a partnership accounting. Further, there is no indication of whether or not any part of said payments were intended as a part of the husband's duty to support his wife.

"9.   There is no evidence before the Referee showing cash income other than that shown on the tax returns, and the Referee finds that the income from the partnership for the period of December 1, 1963, to July 2, 1965 was $4,332.00, and plaintiff

is entitled to one-half of this sum. There is evidence tending to show that each of the parties subsisted on the Terrell's Grocery Store.

"10. If the Referee should have any authority to make a finding as to the validity of the partnership agreement after the finding by Judge Carr that a partnership does exist, the Referee finds as a matter of fact that not sufficient evidence of fraud has been shown to void the partnership agreement which has been introduced in this action.

"11. The fair market value of the real property at 101 West Durham Road in Cary, North Carolina is $25,000.00 and the fair rental value thereof is $250.00 per month.

"12. The Referee finds that the fair rental value of the property at 101 West Durham Road in Cary, North Carolina for the period July 2, 1965 until the date of this report, July 22, 1965 (sic) is $3,166.66, and that plaintiff is entitled to one-half of this sum."

Based upon the foregoing facts the referee submitted to the court his conclusions of law as follows:

"1. That the land and buildings used in conjunction with Terrell's Grocery is held as tenants in partnership, and not as tenants by the entirety. That based on the facts found, the tenancy in partnership is still in existence insofar as the land and buildings are concerned, even after July 2, 1965, the date on which the business was sold by the court appointed receiver."

Upon the foregoing findings of fact and conclusions of law, the Referee reports to the court his decision as follows:

"1. That the plaintiff have and recover $3,749.33 of the defendant, and that the defendant be taxed with the costs of this action."

On 18 August 1966 defendant filed exception to the referee's findings of fact Nos. 4 and No. 8, (sic) and to his conclusion of law to the effect that the land and buildings used in connection with Terrell's Grocery were held as tenants in partnership and not as tenants by the entirety on the ground "that there is no evidence in the record as to any tenancy in partnership in the lands and buildings; all of the evidence in the record being directed to the partnership in the business operations of Terrell's Grocery and Market."

On 22 August 1966 defendant filed an amendment to his excep-

tions to the referee's findings of fact that "the real property was held as tenancy in partnership, for that no contract establishing the partnership was executed in accordance with G.S. 52-6 as required by law."

On 30 September 1966 Cowper, Judge Presiding, at the September 1966 Assigned Non-Jury Session of Wake, entered a judgment in which after reciting that plaintiff and defendant appeared before him, both being represented by their attorneys of record, and the court having considered the various and several exceptions of the defendant to the findings of fact and conclusions of law contained in the report of the referee, entered judgment as follows:

"1.  That the Referee's findings of facts Nos. 4, 7, and 12 are in error for that there is not sufficient evidence in the record to indicate that any of the real property was purchased or intended to be purchased as partnership property, and plaintiff has failed to prove by the greater weight of evidence that any of the property was purchased or intended to be purchased as partnership property and the record indicates that the real property was purchased by the plaintiff and defendant as tenants by the entirety. Therefore, Referee's findings of facts Nos. 4, 7, and 12, are hereby found to be in error as to those findings or portions thereof reading as follows:

"'4.  That the lands and buildings used in connection with the partnership was purchased in or about 1954 or 1955 with funds derived from sale of other partnership property and from the proceeds of profits derived from the partnership.'

"'7.  That since July 2, 1965, the date on which the court approved the sale of the business by a Receiver, only the land and buildings used in the partnership must be accounted for in a partnership accounting.'

"That portion of Referee's findings of fact No. 12, reading: '. . . that the plaintiff is entitled to one-half of this sum.' (the fair rental value of the property at 101 West Durham Road).

"2.  That the Referee's findings of law that the land and buildings used in connection with Terrell's Grocery are held by plaintiff and defendant as tenants in partnership and not as tenants by the entirety and that such tenancy in partnership remains in existence is in error for that there is insufficient evidence before the Referee and before the court upon which it could be found that the real estate was held by plaintiff and defendant as tenants in partnership for that there is insufficient

evidence to support a finding of tenancy in partnership and plaintiff has failed to prove by the greater weight of evidence that any of the real property was held by plaintiff and defendant as tenants in partnership, the greater weight of evidence instead showing that all of the real estate was held by plaintiff and defendant as tenants by the entirety.

"3. That no part of the partnership agreement heretofore adjudged to exist in this action in any way affected or changed the ownership of the real property owned by plaintiff and defendant as tenants by the entirety as aforesaid, but affected only the business operated as Terrell's Grocery.

"4. That except as heretofore found by the court, and as necessarily modified by such findings of the court the Referee's findings of facts Nos. 1, 2, 3, 5, 6, 8, 9, 10 and 11, are correct and based upon competent evidence and the law applicable thereto.

"Now, THEREFORE, it is ORDERED, ADJUDGED AND DECREED by the court:

"1. That the court hereby finds that the lands and buildings used in connection with Terrell's Grocery are held by plaintiff and defendant as tenants by the entirety.

"2. That the Referee's findings of facts Nos. 1, 2, 3, 5, 6, 8, 9, 10, and 11, be and the same are hereby approved and confirmed, save as necessarily modified by the adjudication that the real property is owned by plaintiff and defendant as tenants by the entirety.

"3. That the plaintiff have and recover of defendant the sum of $2,166.00.

"4. That the costs of this action be taxed against plaintiff and defendant in equal shares."
From this judgment, plaintiff appeals.

*Allen Langston for plaintiff appellant.*
*Albright, Parker & Sink by Henry H. Sink for defendant appellee.*

PARKER, C.J.  Plaintiff assigns as error that part of Judge Cowper's judgment that the referee's findings of fact Nos. 4, 7, and that part of 12 quoted below are found to be in error:

"That portion of Referee's findings of fact No. 12, reading: '. . . that the plaintiff is entitled to one-half of this sum.' (the fair rental value of the property at 101 West Durham Road)."

Plaintiff contends in her brief as follows:

"Mrs. Terrell filed with the Court, without objection by the defendant, her affidavit stating that she knows of her own knowledge that each and every parcel of real estate now owned by the partners was purchased with partnership funds; that all mortgages placed on the land have been paid back out of partnership earnings. That a part of the land which they have owned at one time or another has been sold in the course of partnership business operations and that without exception all of the money received from the sale of any such land has been treated as partnership money and used as capital funds belonging to the partnership in the normal operation of its business (R. pp. 11 and 12); that she knows that the sole purpose of acquiring any of the land and sole purpose of retaining titles thereto has been to secure for the partnership a permanent place from which to carry on its operations.

"In her oral testimony before the Referee, Mrs. Terrell again testified that the land was bought as a part of the partnership business and for the benefit of the business. (R. pp. 27 and 28). That when land was sold the money was put back into the business, that the buildings were used for business purposes and that all money paid out or received on or from the land was treated as money of Terrell's Grocery. (R. pp. 28, 30).

"In his oral testimony the defendant confined himself entirely to matters having absolutely nothing to do with the ownership of the land. He at no point raised the slightest contention that they owned this land in any right other than as tenants in partnership. (R. p. 32).

"In short, all the evidence before the Referee shows, therefore, that the real estate owned by the Terrells was bought by them as partners and for the use of their partnership. There is absolutely no evidence that it was bought for any other purpose. Furthermore, the evidence shows clearly that it was paid for with partnership money, and that the real estate has been used solely for the benefit of the partnership."

The written agreement entered into by plaintiff and defendant on 18 March 1965 is attached to the complaint and made a part thereof. This agreement recites that the parties hereto now and for

several years prior to signing this agreement have owned as part-
ners that business in the town of Cary which is known as Terrell's
Grocery, and the parties hereto desire to enter into this written state-
ment ratifying and confirming their respective ownership in said
business. In this agreement the parties agreed with each other as
follows: (1) That they own as partners that business in the town
of Cary known as Terrell's Grocery; and (2) that they each own
one-half of the assets of said business and are each entitled to one-
half of the income therefrom, and that each shall have equal rights
as partners in the management and operation of the partnership
business.

In the hearing before the referee, J. T. Terrell, the defendant,
testified as follows:

"DIRECT EXAMINATION by Mr. Sink:
I entered into a partnership agreement on the 18th day of March,
1965. There was no partnership prior to that time. There is no
date for the beginning of the partnership because she is not a
partner. I signed the agreement on the promise she was going
to come back and live with me. That's why I say she tricked me.
I signed the agreement because she says we are going back to
live together and she did not want to go back until she was
satisfied I was going to sign that paper.

"CROSS-EXAMINATION by Mr. Langston:
Mrs. Terrell and I were living together up until maybe two
years ago until about the 10th of December, 1963. She hasn't
been no partner all these years. She worked there for some of
these years. She worked in the store some. After she quit her job
she worked there regularly and cooked and kept house. I didn't
pay her anything for it and I ain't been paid neither. Both of
us worked for free.

"I signed it so I don't see where there is any difference. It
was my mistake. I have done and done it and there is nothing
I can help about it. The 18th day of March, 1965, would be my
date as to date at which a partnership began because the way
she got it would tricking me and I had an honest opinion about
it that we was going back and living together."

In *Davis v. Davis*, 184 N.C. 108, 113 S.E. 613, the proper pro-
cedure when a judge reviews a referee's report is as follows:

"When exceptions are taken to a referee's findings of fact
and law, it is the duty of the judge to consider the evidence and
give his own opinion and conclusion, both upon the facts and
the law. He is not permitted to do this in a perfunctory way,

but he must deliberate and decide as in other cases — use his own faculties in ascertaining the truth, and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible error on his part, but because he cannot review the referee's findings in any other way."

The report of the referee is under the control of the court, and the power of review is a broad one and the court may "set aside, modify, or confirm it in whole or in part." G.S. 1-194.

It is manifest from the record that Judge Cowper believed the testimony of Joseph Theodore Terrell, the defendant, that there was no partnership agreement between plaintiff and himself and although it is stated in the agreement attached to the complaint and made a part thereof that the parties for several years prior to the signing of this agreement on 18 March 1965 were partners, plaintiff "tricked" him into signing this agreement upon her promise that she was going to come back and live with him, which in fact she did not do. In addition, the referee's unchallenged finding of fact No. 5 "that no partnership tax returns were ever filed," fortifies defendant's testimony. It is equally manifest that Judge Cowper did not believe the testimony of plaintiff that there was any partnership before that date.

"It is fundamental, of course, that a referee's finding of facts must be predicated on, and reasonably warranted by, the evidence before him and not be contradictory thereof; he cannot infer and find a material fact directly contrary to the evidence before him on a reference." 45 Am. Jur., References, § 35.

Judge Cowper in the exercise of his duty to consider the evidence given, in the performance of the duty imposed upon him by virtue of the provisions of G.S. 1-194, held that the referee's findings of fact Nos. 4, 7, and part of 12 are in error so that there is not sufficient evidence in the record to indicate that any of the real property purchased or intended to be purchased is partnership property, and plaintiff has failed to prove that any of the property was intended to be purchased as partnership property, and the record indicates that the real property was purchased by plaintiff and defendant as tenants by the entirety. His finding has support in the evidence and is binding upon us upon review, and he was correct in setting aside the referee's findings of fact Nos. 4, 7, and 12 to the extent as indicated. Plaintiff's assignments of error in that respect are overruled.

Plaintiff assigns as error the referee's conclusion of law and Judge Cowper's adjudication that the lands and buildings in connection with Terrell's Grocery are held by plaintiff and defendant as tenants

by the entirety. The judge may set aside the referee's findings of fact and conclusions of law in whole or in part and may substitute his findings of fact and conclusions of law in whole or in part. *Ramsey v. Nebel*, 226 N.C. 590, 39 S.E. 2d 616. However, there must be some competent evidence to support the findings of fact by the judge. *Threadgill v. Faust*, 213 N.C. 226, 195 S.E. 798.

The referee in his report states, "Documentary evidence was also introduced." The unchallenged findings of fact by the referee show that title to the land and buildings comprising the business of Terrell's Grocery in Cary, North Carolina, on N. C. Highway #54 is in the name of Joseph Theodore Terrell and Bessie Abbott Terrell, and were purchased in or about 1954 or 1955. At the time of the conveyance the parties were husband and wife.

Judge Moore said for the Court in *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530:

> " 'A conveyance of land must be in writing and comply with certain formalities, and its principal function is to evidence the transfer of a particular interest in land. . . . an agreement which contradicts express provisions of the deed . . . which "would change the essential nature" of a deed absolute, may not be shown.' Stansbury, North Carolina Evidence, Sec. 255, pp. 512 and 514. The Parol Evidence Rule applies in litigation involving the construction of the nature and quality of estates conveyed by deed. *Heaton v. Kilpatrick*, 195 N.C. 708, 143 S.E. 644; *Flynt v. Conrad,* 61 N.C. 190. A conveyance cannot be contradicted by a parol agreement, nor, in the absence of proof of fraud, mistake, or undue influence, can a deed solemnly executed and proven be set aside by parol testimony. *Walters v. Walters*, 172 N.C. 328, 90 S.E. 304; *Mfg. Co. v. Mfg. Co.*, 161 N.C. 430, 77 S.E. 233."

"A deed to husband and wife, nothing else appearing, vests the title in them as tenants by the entirety with right of survivorship." 2 Strong's N. C. Index, Husband and Wife, § 14. Nothing else appears in Judge Cowper's judgment to prevent the application of this rule. Judge Cowper was correct in adjudicating that the land and buildings used in connection with Terrell's Grocery are held by plaintiff and defendant as by the entirety.

Plaintiff assigns as error the adjudication of Judge Cowper "that the plaintiff have and recover of defendant the sum of $2,166.00." This assignment of error is overruled. The referee adjudicated that the plaintiff have and recover $3,749.33 from defendant. The referee's figure of $3,749.33 is made up from his unchallenged finding of fact No. 9 that the income from the partnership from 1 December 1963

to 2 July 1965 was $4,322.00, and half of that is $2,166.00, plus the fair rental of the property at 101 West Durham Road, Cary, for the period 2 July 1965 until the date of his report is $3,166.66, and half of that is $1,583.33. The $2,166.00 plus $1,583.33 amounts to $3,749.33, the amount the referee submitted in his report to the court that plaintiff recover from defendant. This was error because title to the property at 101 West Durham Road, Cary, was held by the parties as an estate by the entireties, and during the coverture the husband is entitled exclusively to the rents and profits to the exclusion of the wife. *Smith v. Smith,* 255 N.C. 152, 120 S.E. 2d 575; *Porter v. Bank,* 251 N.C. 573, 111 S.E. 2d 904; *Williams v. Williams,* 231 N.C. 33, 56 S.E. 2d 20; *Atkinson v. Atkinson,* 225 N.C. 120, 33 S.E. 2d 666; *Bank v. Hall,* 201 N.C. 787, 161 S.E. 484.

All plaintiff's assignments of error have been carefully considered and all are overruled. The judgment of Judge Cowper below is

Affirmed.